COMMONWEALTH *vs.* JOHN J. BOUCHARD.

Bristol.   April 21, 1964. — May 1, 1964.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Arrest.   Prisoner.   Police.   Words,* "Booked," "Forthwith."

The provision of G. L. c. 276, § 33A, as amended through St. 1963, c. 212, that "forthwith" upon arrival of an arrested person at a police station or other place of detention he shall be informed of his right to use a telephone requires that he shall be informed of such right as soon as reasonably practicable after arrival, but it does not necessarily require that he be so informed before being booked.   [420]

Where an arrested person upon his arrival at a police station gave, on request, certain information and articles of personal property to the officer in charge and was booked, and thereafter was notified of his right to use the telephone at the station, and in the meantime did not make any admissions or confess or disclose a lead to the discovery of unfavorable evidence, any undue delay contrary to G. L. c. 276, § 33A, as amended through St. 1963, c. 212, in informing him of his right to use the telephone was harmless and did not of itself entitle him to an acquittal at a subsequent trial on the charge for which he had been arrested and booked.   [420–421]

COMPLAINT received and sworn to in the Second District Court of Bristol on August 20, 1963.

On appeal to the Superior Court the case was tried before *Bento,* J., a District Court judge sitting under statutory authority.

*James Seligman,* for the defendant, submitted a brief.

No argument or brief for the Commonwealth.

WILKINS, C.J.  In the Second District Court of Bristol the defendant was convicted on a complaint under G. L. c. 90, § 24, as amended, charging that on August 19, 1963, he operated a motor vehicle on a public way in Fall River while under the influence of intoxicating liquor.  Upon appeal to the Superior Court the jury returned a verdict of "Guilty."

At the jury trial there was evidence both from the police and from the defendant that upon arrival at the police station he gave, upon request, certain information and delivered to the officer in charge certain articles of personal property, including items of wearing apparel; that he was booked; and that thereafter he was notified of his right to use the telephone.

The defendant's exceptions, which are to the denial of his motion for a directed verdict, and to the denial of his fifth request,[1] raise the question whether he was entitled to a verdict of "Not Guilty" if he was not informed upon his arrival at the police station of his right to use the telephone before he was booked.

The foundation of the defendant's argument is G. L. c. 276, § 33A (as amended through St. 1963, c. 212), which provides: "The police official in charge of the station or other place of detention having a telephone wherein a person is held in custody, shall permit the use of the telephone, at the expense of the arrested person, for the purpose of allowing the arrested person to communicate with his family or friends, or to arrange for release on bail, or to engage the services of an attorney.  Any such person shall be informed forthwith upon his arrival at such station or place of detention, of his right to so use the telephone, and such use shall be permitted within one hour thereafter."  Before the amendment of St. 1963, c. 212, the last sentence read, "Any such person shall be informed of his right to so use the telephone immediately upon being booked, and such use shall be permitted within one hour thereafter" (as amended by St. 1960, c. 269).

---

[1] "If a person is not informed of his right to use the telephone forthwith upon his arrival at a station house or other place of detention before he is booked, then he is entitled to a verdict of 'Not Guilty.'"

The term "booked" as used in the bill of exceptions, in the request, and in former § 33A, means the entry of the name of, and tentative charges against, a person in a police register. Webster's Third New International Dictionary. See 1960 Ann. Surv. Mass. Law, § 11.4; *Muniz* v. *Mehlman,* 327 Mass. 353, 355; *Commonwealth* v. *Banuchi,* 335 Mass. 649, 651. The word "forthwith" has been construed to be synonymous with "as soon as may be" and "immediate." It means in its present context that due diligence shall be used to inform the arrested person with reasonable promptness. *Everson* v. *General Acc. Fire & Life Assur. Corp. Ltd.* 202 Mass. 169, 174. *Griffin* v. *Griffin,* 222 Mass. 218, 219. *Gamwell* v. *Bigley,* 253 Mass. 378, 382.

Section 33A, in its previous form, as amended through St. 1960, c. 269, was criticised as ineffectual in that the police could postpone the right of access to the telephone by delay in booking. One might be arrested, brought to a police station, and questioned for some time without being booked, and in the meantime might make damaging admissions, confess, or furnish other information which could be used against him. See 1960 Ann. Surv. Mass. Law, § 11.4. The amendment by St. 1963, c. 212, in effect here, was in all likelihood intended to remove this objection. It does not, however, retain the reference to being booked. The statute in its present form is to be construed as requiring that an arrested person be informed of his right to use the telephone as soon as reasonably practicable after arrival at the station. If he should be booked at once upon arrival without questioning other than was necessary for the actual booking, it could be found that he was informed forthwith of his right to telephone even though he was booked first. There is no suggestion of undue delay at the station. The defendant's entire case is based upon the sequence of events.

In order to resolve the issue raised by the defendant, we shall assume that it could have been found that there was undue delay and that he was not informed of his right forthwith. It does not appear, however, that in the meantime he had made any admissions, confessed, or disclosed a lead

to the discovery of unfavorable evidence. If any of these things had happened, we might have held that evidence of none of them could be introduced against him. Their exclusion would be a reasonable sanction for violation of § 33A and ground for a motion to suppress. See *McNabb v. United States,* 318 U. S. 332; *Anderson v. United States,* 318 U. S. 350; *People v. Donovan,* 13 N. Y. 2d 148. It should be noted, however, that in some States in similar circumstances, even admissions or a confession, if voluntarily given, would be admissible in evidence. *State v. George,* 93 N. H. 408, 416. *Stasney v. State,* 151 Tex. Cr. 563, 564–565.

Violation of § 33A, if productive of harm (cf. *Commonwealth v. O'Leary, ante,* 387), might be ground for sustaining exceptions, but should not entitle the defendant to a directed verdict of acquittal. There was no error in the denial of the defendant's motion or in the refusal of his request for instructions.

*Exceptions overruled.*