COMMONWEALTH *vs.* JOSEPH ATENCIO.

Essex.   October 9, 1981. — December 11, 1981.

Present: DREBEN, CUTTER, & SMITH, JJ.

*Arrest.   Evidence,* Of intoxication, Hospital record.  *Practice, Criminal,*
Argument by prosecutor, Duplicitous complaints.  *Motor Vehicle,*
Homicide, Operating under the influence.

A defendant charged with operating a motor vehicle while under the
influence of liquor was not entitled to have the charge against him dis-
missed as a result of failure by police officers to inform him of his right
to request an immediate examination by a physician of his choice
where it appeared that immediately after his arrest at the scene of an
accident the defendant had been taken to a hospital, which he left the
following day to go home.  [749-750]

At the trial of a complaint charging operation of a motor vehicle while
under the influence of liquor there was no error in permitting a witness
to testify that it appeared to him that the defendant had been drink-
ing.  [750-751]

At the trial of a complaint charging operation of a motor vehicle while
under the influence of liquor it was not improper for the prosecutor in
closing argument to refer to statements in the defendant's hospital rec-
ord, admitted in evidence under G. L. c. 233, § 79, that there was "a
strong odor of alcohol" about the defendant and that on admission to
the hospital the defendant stated "he was bombed."  [751-752]

Where a defendant charged with operating a motor vehicle while under
the influence of liquor, operating to endanger, and vehicular homicide
as a result of one accident was convicted of all three offenses, this court
ordered dismissal of the complaints charging operating under the in-
fluence of liquor and operating to endanger.  [752-753]

COMPLAINTS received and sworn to in the First Essex
Division of the District Court Department, two on June 21,
1979, and one on June 25, 1979.

Pretrial motions were heard by *Furnari, J.,* and the cases
were tried before *Colicchio, J.*

*Michael G. Drew* for the defendant.

*John Gillen*, Assistant District Attorney, for the Commonwealth.

CUTTER, J.   On June 20, 1979, Atencio and his brother were driving on a road in Danvers when Atencio lost control of his pick-up truck.  The truck hit the rear of an automobile which had stopped at a red light, bounced off, and hit a moped with two riders.  These riders were hurled violently into the air.  One person was injured.  The other hit a traffic light stanchion and later died of his injuries.  In the accident, Atencio was injured and needed medical attention. He was taken in an ambulance to Hunt Memorial Hospital as rapidly as possible after his arrest at the accident scene on charges of operating under the influence of liquor and operating to endanger.

Separate complaints were issued in a District Court charging each of these two offenses.  A later complaint also charged vehicular homicide.  After a trial without a jury, Atencio claimed a trial de novo before a jury of six.  Thereupon, his attorney filed motions (a) to dismiss the charge of operating under the influence of liquor, and (b) to suppress or to limit any testimony at trial concerning Atencio's use of alcohol on the day of the accident.  The motion to dismiss was based on the ground that Atencio had not been informed at the time of his arrest or thereafter of his ability to request at his own expense an immediate examination by a physician selected by him.  See G. L. c. 263, § 5A, as amended through St. 1960, c. 237.[1]   Atencio was not so informed.  The motions, after a somewhat confused hearing,

---

[1] Section 5A reads:  "A person held in custody at a police station or other place of detention, charged with operating a motor vehicle while under the influence of intoxicating liquor, shall have the right, at his request and at his expense, to be examined immediately by a physician selected by him.  The police official in charge of such station or place of detention shall inform him of said right *immediately upon being booked,* and shall afford him a reasonable opportunity to exercise it.  Such person shall, *immediately upon being booked,* be given a copy of this section unless such a copy is posted in the police station or other place of detention in a conspicuous place to which such person has access" (emphasis supplied).

were denied by the motion judge, who was not the trial judge.

Verdicts of guilty of each of the three charges were returned against Atencio by the jury of six. Atencio has appealed and argues four issues on appeal. The facts have been stated only to the extent required for discussion of these four issues. We affirm one of the convictions and vacate the other verdicts for reasons stated in part four of this opinion.

1. The motions to dismiss the complaint of driving under the influence of liquor and to suppress or limit evidence of intoxication were properly denied at the stage of trial when that was done. The motion judge found (a) that, when arrested, Atencio "was in a drunken condition and needed medical care"; (b) that Atencio was assisted from his vehicle, handcuffed, and transported to the hospital where, after examination, he was admitted as a patient; (c) that the arresting officers "were both at the hospital and at the [accident] scene sporadically" trying to straighten out "most complicated occurrences" involving investigation and victim assistance at the scene; (d) that a police sergeant on one visit to the hospital spoke to Atencio, lying on a cot, gave him the standard Miranda warnings, and informed him of his right to a breathalyzer test; (e) that an officer (who had been present at the time of Atencio's arrest), on one visit to the hospital gave Atencio a citation (see G. L. c. 90C, § 1, as amended by St. 1975, c. 418) for driving under the influence and driving to endanger, but "never completed the initial identification process" and never took Atencio to a police station or completed the booking process; (f) that Atencio testified that he had no memory of the accident and subsequent events; and (g) that Atencio spent the night in the hospital, and on "the next day, when he awoke . . . called for his clothes and voluntarily checked out and went . . . home."

On these subsidiary findings, warranted by the evidence upon the motions, the motion judge concluded that Atencio was "fully advised of his rights insofar as it was practicable

to do so" and "was never booked within the meaning of" G. L. c. 263, § 5A, see note 1, *supra*. As a consequence, the judge denied the motions.

The judge's action was correct. Atencio was in need of medical care. There had been a serious automobile accident. There were people in need of treatment and the available police officers were fully occupied by various aspects of the exigency. There was no indication in the evidence of any police attempt or desire to avoid or subvert the policy behind § 5A. Thus the application of any sanction of exclusion of evidence would have been wholly inappropriate and would not have had any "prophylactic" tendency to prevent improper police conduct in other cases.[2] See *Rawlings* v. *Kentucky*, 448 U.S. 98, 110 (1980). It should be noted that § 5A itself contains no required sanctions for noncompliance with its terms.[3] Atencio, in any event, was afforded prompt and thorough medical care and examination at the hospital, and was seen by the doctors there. He thus has established no significant prejudice from the omission of the statutory notice.

2. There was no error at trial in receiving the testimony of a witness (Enright), who went to the passenger side of Atencio's vehicle when he heard the crash, that his "observation of these men . . . [was] they were both drinking." A

---

[2] There is no occasion to consider whether the intimations in *Commonwealth* v. *Bouchard*, 347 Mass. 418, 420-421 (1964), and the majority opinion in *Commonwealth* v. *Jones*, 362 Mass. 497, 502 (1972), have any application to G. L. c. 263, § 5A (note 1, *supra*). See *Commonwealth* v. *McGaffigan*, 352 Mass. 332, 336 (1967). The circumstances showing absence of any intentional police violation of § 5A are so strong as to give assurance that the *Jones* case, *supra*, should not be followed by analogy in the present case.

[3] The finding that Atencio was drunk and had no recollection of the events may indicate that attempted compliance with § 5A would have been futile, even if § 5A has any application to a situation outside a police station where "booking" in any event has not been completed, where custody is not continued, and where proceedings, after initial arrest at the scene, are dealt with later by a citation procedure. In circumstances of less emergency, there should be at least attempted compliance with § 5A, even where the attempt may appear to be useless.

lay witness may testify to another's sobriety or lack of it. *Edwards* v. *Worcester*, 172 Mass. 104, 105-106 (1898). *Holton* v. *Boston Elev. Ry.*, 303 Mass. 242, 246 (1939). See Liacos, Massachusetts Evidence 102 (5th ed. 1981); Hughes, Evidence § 324 (1961 ed.).

3. The assistant district attorney in closing argument referred to a notation on Atencio's hospital record, admitted in evidence under G. L. c. 233, § 79, that about Atencio there was a "strong odor of alcohol." In his brief the prosecutor concedes that the word "strong," modifying "odor of alcohol," was deleted by stipulation on one page of the exhibit headed "Emergency Room Note — 6-20-79." Counsel's reference was to another page (headed "Code Trauma Sheet" as to which no request for the deletion of the word "[s]trong" seems to have been made.[4] Observation about an odor of alcohol on a patient's breath in a hospital record admitted in evidence may be considered by the trier of the facts. *Cowan* v. *McDonnell*, 330 Mass. 148, 149 (1953), and cases cited.

Despite the provision in G. L. c. 233, § 79, that references "to the question of liability" are not made admissible by the section, the section has been given "liberal interpretation." *Commonwealth* v. *Franks*, 359 Mass. 577, 579-580 (1971). See *Bouchie* v. *Murray*, 376 Mass. 524, 527-531 (1978); Liacos, Massachusetts Evidence 332-335 (5th ed. 1981). A record, "which relates directly and mainly to the . . . medical history of the patient, should be admitted, even though incidentally the facts recorded may have some bearing on the question of liability." *Leonard* v. *Boston Elev. Ry.*, 234 Mass. 480, 483 (1920). See *Commonwealth*

---

[4] In view of other evidence about Atencio's condition, (discussed in this part 3 of this opinion) the references are merely cumulative and, if error, seem harmless. Not enough appears in the record about the circumstances to determine whether there was any improper disregard of the prosecutor's stipulation with defense counsel. Atencio's brief states this stipulation was made at an unrecorded bench conference. Counsel, of course, should be careful so to conduct themselves that their stipulations with other attorneys are fully observed in good faith and reasonably.

v. *Concepcion*, 362 Mass. 653, 654 (1972). Once the hospital records were received in evidence without objection to specific parts of them, any fact stated in them "could be considered on any issue to which it was relevant." See *Cohen* v. *Boston Edison Co.*, 322 Mass. 239, 241 (1948).

The prosecutor made reference (without any clear defense objection) to a statement on the hospital record, under the heading "Admission Summary," that "pt. [patient] stated 'he was bombed' (intoxicated). In an auto accident today." This also reasonably could be mentioned by the prosecutor in argument.[5] We need not discuss whether this statement, already admitted as part of his hospital record appraising his medical condition, would have been admitted over objection as an admission (see *Commonwealth* v. *Pina*, 342 Mass. 472, 473-474 [1961]) or as a prior inconsistent statement casting doubt on the credibility of Atencio's testimony that he did not feel the effect of two beers which he admitted consuming before the accident.

4. As already stated, separate complaints charged Atencio with (a) driving to endanger, (b) driving under the influence of liquor, and (c) vehicular homicide. The jury found him guilty of each charge. Atencio now contends that, despite the fact that concurrent sentences were imposed on April 17, 1980, the two lesser charges must be dismissed as duplicitous upon the authority of *Commonwealth* v. *Jones*, 382 Mass. 387, 395-397 (1981), decided more than nine months after the sentences. It may be that the separate

---

[5] Atencio's brief suggests that the copy of the hospital records "possessed by defense counsel" did not contain the two statements to which objection is now made. These two pages appear in the record appendix copy of the hospital record (Ex. 22) and in an extra copy of that exhibit filed with the clerk. Neither Atencio's brief nor the transcript contains any reference to any objection to the admission of this exhibit or any complaint at the time of its admission that pages were missing from the copy possessed by Atencio's counsel. The admission diagnosis, among other items, indicated a "concussion" and that Atencio had "no idea what happened to him." What purports to be a copy of the hospital record furnished directly by the hospital to Atencio's counsel appears at the end of the record appendix. It does not contain the pages about which complaint is made. The discrepancy is not shown to have been brought to the attention of the trial judge.

convictions for each of two different lesser offenses, together with the fact of the ensuing death of another person, resulted in two separate violations of G. L. c. 90, § 24G, inserted by St. 1976, c. 227.[6] See *Fadden* v. *Commonwealth*, 376 Mass. 604, 610-611 (1978). As we read the *Jones* case, however, we are of opinion that the reasoning of the decision requires the dismissal of both the lesser included charges where there has been a conviction under § 24G arising from a single accident and where Atencio had been found guilty of each of the statutory included offenses.

5. The conviction of Atencio under G. L. c. 90, § 24G, is affirmed. The verdicts convicting Atencio of the two lesser included offenses of driving to endanger and driving under the influence are to be set aside and the complaints charging them are to be dismissed as being duplicitous, in the circumstances now before us.

*So ordered.*

---

[6] Section 24G reads: "Whoever, upon any way . . . to which the public has a right of access, . . . operates a motor vehicle in violation of paragraph (*a*) of subdivision (1) of section twenty-four of chapter ninety, *or so* operates a motor vehicle recklessly or negligently so that the lives or safety of the public might be endangered, and by any such operation so described causes the death of another person shall be guilty of homicide by a motor vehicle and shall be punished . . ." (emphasis supplied). It will be noted that the offenses of driving under the influence and driving to endanger, are referred to in the disjunctive.