COMMONWEALTH *vs.* ROLAND D. GARRETT. July 22, 1982. The defendant claims that the Commonwealth's conduct was so inexcusable that the only appropriate remedy is dismissal with prejudice of the indictment on which he was convicted.[1] We disagree and affirm the defendant's conviction of unarmed robbery.

The claimed misconduct was based on allegations that a Boston police officer whose brother was a columnist for The Boston Globe gave to the latter the defendant's juvenile record in violation of G. L. c. 119, § 60A. That record was published in an editorial column on the day after the defendant was arrested. A judge of the Boston Municipal Court refused to dismiss the charges, and a Superior Court judge denied the defendant's motion to dismiss and his request to conduct a hearing as to where the columnist had obtained his information. The judge, instead, asked the jury whether they "[knew] anything about this case from any source whatsoever, whether it be by virtue of reading a particular newspaper, whether

---

[1] The defendant was also convicted on an indictment charging assault and battery but that indictment was filed with the defendant's consent.

it be [from other sources]." No member of the jury indicated that he or she had any such knowledge.

There was no error. See *United States* v. *Drake,* 655 F.2d 1025, 1027 (10th Cir. 1981) (prosecutorial misconduct with respect to pretrial publicity does not warrant dismissal of indictment). Even if the defendant had established that the "allegations were factual, the misconduct obviously failed to . . . harm the defendant." *Commonwealth* v. *Williams,* 6 Mass. App. Ct. 923, 942 (1978). To justify the extreme sanction of a dismissal of an indictment with prejudice, in the absence of a statute or a rule providing for dismissal, a defendant has a heavy burden. He must, for example, show that the action of the government is so unfair that any prosecution of the defendant would raise due process considerations, see *Commonwealth* v. *Best,* 381 Mass. 472, 483 (1980); *Commonwealth* v. *Geoghegan,* 12 Mass. App. Ct. 575, 577 (1981), and cases cited, or that the danger of deliberate undermining of the defendant's fundamental rights is so grave that "prophylactic considerations assume paramount importance." *Commonwealth* v. *Manning,* 373 Mass. 438, 444 (1977). Compare *United States* v. *Morrison,* 449 U.S. 361, 367 n.4 (1981).

The defendant, even if all of the allegations were proved, has not carried that burden. We do not condone the violation which, for purposes of this appeal, we assume has occurred, but conclude that where, as here, it has had no adverse impact upon the criminal proceedings, the drastic solution suggested by the defendant is inappropriate. See *United States* v. *Morrison,* 449 U.S. at 367 and 365 n.2.

*Judgment affirmed.*

*Robert I. Warner* for the defendant.

*Ellen Donahue,* Legal Assistant to the District Attorney (*Michael J. Traft,* Assistant District Attorney, with her) for the Commonwealth.