COMMONWEALTH vs. MANUEL M. ANDRADE.

Middlesex.  April 5, 1983. — August 15, 1983.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Evidence,* Intoxication, Right to obtain evidence.  *Motor Vehicle,* Operating under the influence.

Inasmuch as a defendant arrested for operating a motor vehicle while under the influence of intoxicating liquor has no right under G. L. c. 90, § 24, to a police administered blood test, no rights of a Portuguese-speaking defendant were violated by reason of unsuccessful attempts by police to obtain his consent to such a test. [876]

With respect to a Portuguese-speaking defendant arrested for operating a motor vehicle while under the influence of intoxicating liquor, the fact that the police, despite the posting of the requisite information in Portuguese on the wall of the police station, failed to call the defendant's attention to the poster or in any other way attempt to inform him of his statutory right to an independent medical examination at his own expense, as they were required to do under G. L. c. 263, § 5A, would, in the circumstances, necessitate dismissal of the criminal complaint against the defendant unless the Commonwealth's evidence was so overwhelming as to negate any prejudice to him resulting from the police conduct. [876-882]

COMPLAINTS received and sworn to in the Third Eastern Middlesex Division of the District Court Department on December 31, 1981.

Questions of law were reported to the Appeals Court by *Chernoff,* J.  The Supreme Judicial Court ordered direct review on its own initiative.

*Keith L. Miller* for the defendant.

*Patricia A. McEvoy,* Assistant District Attorney, for the Commonwealth.

HENNESSEY, C.J.  The defendant was arrested and charged in two complaints with operating a motor vehicle while under the influence of intoxicating liquor and operating a

motor vehicle the wrong way on a one-way street. He claimed his right to a trial by jury in the first instance, and filed a motion to dismiss the charges pending against him on the grounds that the alleged rights afforded him under G. L. c. 263, § 5A, and G. L. c. 90, § 24 (1) (e), had been violated and that these violations denied him certain constitutional rights. A District Court judge reported, without decision, various questions of law to the Appeals Court. We transferred the case to this court on our own motion.

Essentially, the judge has reported the questions: (1) Was the defendant denied rights under G. L. c. 90, § 24, or G. L. c. 263, § 5A? (2) If he was denied such rights, what should the remedy be in the circumstances of this case? We first determine that the police officers' actions did not violate the defendant's statutory rights under G. L. c. 90, § 24 (1) (e). We further conclude, however, that the police officers' failure to inform the defendant of his right to request an independent physical examination at his own expense violated the defendant's rights under G. L. c. 263, § 5A. We determine that, absent overwhelming evidence of guilt, dismissal of the complaint for driving a motor vehicle while under the influence of intoxicating liquor would be an appropriate remedy in this case for this violation of the defendant's statutory rights under G. L. c. 263, § 5A.

The District Court judge found the following facts. After being arrested on December 31, 1981, the defendant was brought to the Cambridge police station at approximately 1 A.M. for booking. The booking procedure was videotaped and replayed for the judge. It demonstrated that the police officers attempted to obtain the defendant's consent or refusal to a breathalyzer examination in accordance with G. L. c. 90, § 24 (1) (e). The defendant did not respond to the inquiries and explanations of the police officers. The defendant is a native of the Azores, and his capacity to understand the English language is "marginal at best." Consequently, the defendant did not understand the police officers when they attempted to obtain his consent or refusal to take the breathalyzer examination in accordance with

G. L. c. 90, § 24 (1) (*e*). The police officers, nevertheless, deemed his failure to respond to be a refusal to take a breathalyzer examination. Furthermore, the police officers made no attempt to advise the defendant of his right under G. L. c. 263, § 5A, to request an independent physical examination at his own expense. A copy of G. L. c. 263, § 5A, with a Portuguese translation, was posted on the wall of the police station, but no one directed the defendant's attention to the posting. The defendant was unaware of his right to request an independent physical examination.

1. We conclude that no rights of the defendant under G. L. c. 90, § 24, have been violated in this case. In *Commonwealth* v. *Alano*, 388 Mass. 871, 875 (1983), we recently determined that G. L. c. 90, § 24 (1) (*e*), "does no more than regulate the admissibility and effect of chemical tests of blood alcohol content." We stated: "If the police administer a blood alcohol content test, the section imposes certain requirements which must be met if the test is to be admissible on the issue whether the defendant was intoxicated. It does not establish a right to a police administered test." *Id.* Thus, the police officers had no statutory duty to ask the defendant whether he desired to consent to or to refuse to take a breathalyzer examination because they had no statutory duty to administer such a test. *Id.* It follows that the police officers' unsuccessful attempts to inquire of the defendant whether he desired to consent to or to refuse to take a breathalyzer examination similarly did not violate any rights of the defendant under G. L. c. 90, § 24 (1) (*e*).

2. The defendant next argues that the police officers' failure to inform him of his right, under G. L. c. 263, § 5A, to an independent examination at his expense, violated G. L. c. 263, § 5A, and warrants dismissal of the complaint. General Laws c. 263, § 5A, as appearing in St. 1960, c. 237, provides: "A person held in custody at a police station or other place of detention, charged with operating a motor vehicle while under the influence of intoxicating liquor, shall have the right, at his request and at his expense, to be examined immediately by a physician selected by him.

The police official in charge of such station or place of detention shall inform him of said right immediately upon being booked, and shall afford him a reasonable opportunity to exercise it. Such person shall, immediately upon being booked, be given a copy of this section unless such a copy is posted in the police station or other place of detention in a conspicuous place to which such person has access." It is undisputed that the police officers did not attempt in any fashion to inform the defendant of his right to an independent examination under this section. Indeed, although a Portuguese translation of the provision was posted on the wall of the police station, no one attempted to bring it to the attention of the defendant. We think it is clear that the defendant's statutory rights were violated in this case.

The statute, however, is silent as to the remedy for violations of its provisions. The Commonwealth contends that the Legislature has already addressed this issue and has indicated that dismissal of the complaint is not an appropriate remedy. Prior to 1960, G. L. c. 263, § 5A, ended with the sentence providing that the police official in charge of the station where the defendant is held should inform the defendant of his right and allow a defendant reasonable opportunity to exercise that right. St. 1958, c. 401. In 1960, the Legislature added the sentence requiring the police either to provide a defendant with a copy of G. L. c. 263, § 5A, or to post a copy of it in a conspicuous place. The Commonwealth notes that the Legislature had considered a draft bill which did not contain the sentence requiring a copy of G. L. c. 263, § 5A, to be posted, but rather included the following provision: "If such police official fails to advise the accused of his rights as aforesaid, the complaint arising out of such arrest shall be dismissed on motion made by the accused." 1960 House Doc. No. 2401. The Commonwealth urges that the Legislature's failure to enact this version indicates that the only "remedy" under G. L. c. 263, § 5A, is that a copy of the section be posted or be given to a defendant. This contention is without merit. The

requirement that a defendant either be provided with a copy of G. L. c. 263, § 5A, or that one be posted is not a remedy at all, but rather is another statutory right. The Legislature's creation of this additional right evinces the Legislature's concern that defendants be adequately informed of their right to an independent examination.

The Commonwealth further suggests, however, that the Legislature's failure to enact the draft bill, providing for dismissal of a complaint where the police do not inform a defendant of his right to an independent examination, demonstrates that the Legislature does not approve of dismissal of a complaint as an appropriate remedy. We do not think that this inference can be drawn from the Legislature's failure to enact this provision. To preclude dismissal of a complaint as a remedy would contravene the Legislature's clear concern with protecting a defendant's right to an independent examination under this section. It is more consistent with legislative intent to conclude that the Legislature chose to leave the task of shaping the appropriate remedies for violations of this section to the courts. Dismissal of a complaint may not be an appropriate or necessary remedy in all cases. Cf. *Commonwealth* v. *Atencio*, 12 Mass. App. Ct. 747, 750 (1981) (where defendant was injured in automobile accident and brought to hospital and where police officers were involved with exigent circumstances, failure of police to inform defendant of his right to independent examination did not require suppression of evidence obtained by police). Rather, each case must be considered on its own set of facts and a remedy adequate to cure potential or actual prejudice resulting from a violation of G. L. c. 263, § 5A, should be allowed.

Turning to the facts of the case at bar, it appears that dismissal of the complaint for operating a motor vehicle while under the influence of intoxicating liquor may be an appropriate remedy. The police officers made no attempt to inform the defendant of his right under G. L. c. 263, § 5A, to an independent examination, even though there was a Portuguese translation of the statute that could easily

have been shown to him. There were no exigent circumstances in this case which might have justified the police officers' failure to communicate the defendant's right to him. Cf. *Commonwealth* v. *Atencio, supra.* To the contrary, the police officers were well aware that the defendant did not understand that he might have an option of having some form of examination of his blood alcohol content level performed. They apparently attempted several times to explain to the defendant his right to consent to or to refuse to take a breathalyzer examination. Further, there is no evidence that the defendant was so inebriated that an attempt at compliance with § 5A would have been futile. Compare *id.* at 750 n.3. There is also no indication that the defendant was belligerent or otherwise so unwilling or unable to cooperate as to justify the failure to comply with G. L. c. 263, § 5A.

The Commonwealth argues that the defendant has not demonstrated that he was prejudiced by the police officers' failure to comply with G. L. c. 263, § 5A. We do not think, however, that the defendant should be required to make this proof. See *Garcia* v. *District Court, 21st Judicial Dist.,* 197 Colo. 38, 46 (1979), citing *United States* v. *Bryant,* 439 F.2d 642, 652 n.21 (D.C. Cir. 1971) ("It is not necessary for a defendant to demonstrate that the evidence he seeks to discover, but which is no longer available for examination by the court, would have been favorable to him . . . so long as that evidence is not merely 'incidental' to the prosecution's case or to the defendant's affirmative defense . . . . It is sufficient that the material requested 'might' be 'favorable' to the accused" [citations omitted]). In the case at bar, a chemical test of blood alcohol content by a physician may have provided exculpatory evidence for the defendant. Moreover, in this case no chemical test was ever performed and, thus, the only evidence of the Commonwealth on the issue of the defendant's intoxication is the testimony of the police officers. This increases the likelihood that the defendant may have been prejudiced by the police officers' failure to comply with G. L. c. 263, § 5A. See *In re*

*Newbern,* 175 Cal. App. 2d 862, 865 (1959), quoting *People* v. *Duroncelay,* 48 Cal. 2d 766, 772 (1957) ("The accuracy of blood tests for the purpose of determining intoxication has been recognized in many courts. . . . [Whereas] the accounts of eyewitnesses are often uncertain and conflicting on the issue of intoxication . . .").

The Commonwealth also urges that dismissal of the complaint is an extreme sanction and is not warranted in this case. The Commonwealth contends that we have approved dismissal of a complaint as an appropriate remedy only where there has been deliberate or intentional misconduct on the part of the police, see *Commonwealth* v. *Manning,* 373 Mass. 438, 443 (1977), or where the action of the police "is so unfair that any prosecution of the defendant would raise due process considerations." *Commonwealth* v. *Garrett,* 14 Mass. App. Ct. 953, 954 (1982). See *Commonwealth* v. *Best,* 381 Mass. 472, 483-486 (1980). The Commonwealth urges that a mere statutory violation, absent intentional or deliberate misconduct, does not warrant, by itself, dismissal of a complaint.[1] We note that in *Commonwealth* v. *Bouchard,* 347 Mass. 418, 420-421 (1964), we indicated that a violation of a defendant's statutory rights under G. L. c. 276, § 33A, should not result in dismissal of an indictment. General Laws c. 276, § 33A, as amended through St. 1963, c. 212, provides: "The police official in charge of the station or other place of detention having a telephone wherein a person is held in custody, shall permit the use of the telephone, at the expense of the arrested person, for the purpose of allowing the arrested person to communicate with his family or friends, or to arrange for release on bail, or to engage the services of an attorney. Any such person shall be informed forthwith upon his arrival at such station or place of detention, of his right to use the telephone, and such use shall be permitted within one hour thereafter."

---

[1] We point out that the record as submitted in the report of this case is silent on whether the police officers' failure to inform the defendant of his § 5A right was intentional or deliberate.

In considering an appropriate remedy for a police officer's failure to inform a defendant of this right, we indicated that if the defendant "had made any admissions, confessed, or disclosed a lead to the discovery of unfavorable evidence," exclusion of such evidence might be appropriate remedy. *Id.* at 420-421. We stated, however, that a violation of the statute "should not entitle the defendant to a directed verdict of acquittal." *Id.* at 421. See *Commonwealth* v. *Jones*, 362 Mass. 497, 502-504 (1972); *Commonwealth* v. *McGaffigan*, 352 Mass. 332, 336 (1967).

We think, however, that our reasoning in *Bouchard* is not controlling in the case at bar. In enacting G. L. c. 263, § 5A, the Legislature clearly recognized that the "essence of the offence of operating a motor vehicle while under the influence of intoxicating liquor is the condition of the defendant *at the time*" (emphasis in original). *Commonwealth* v. *Mangan*, 293 Mass. 531, 533 (1936). Thus, G. L. c. 263, § 5A, creates a right to obtain evidence that is available for only a short period of time and also seeks to protect this right by requiring that the defendant be informed of its existence. In contrast, G. L. c. 276, § 33A, is not primarily concerned with ensuring access to evidence which has a short period of availability. Consequently, while suppression of unfavorable evidence is an appropriate remedy for violations of a defendant's rights under § 33A, suppression of evidence will not always be an effective remedy for a violation of a defendant's rights under G. L. c. 263, § 5A, since a violation of § 5A may actually prevent *exculpatory* evidence from being revealed. For example, in this case, the police officers did not conduct a breathalyzer examination. Therefore, there is no unfavorable evidence to suppress.[2] Nevertheless, the defendant might still be unfairly prejudiced by the police officers' violation of his § 5A rights because, had an independ-

---

[2] We do not decide here whether, in a case where the police have administered a breathalyzer examination, with results unfavorable to the defendant, suppression of those results might be an adequate remedy for violation of the defendant's rights under G. L. c. 263, § 5A.

ent examination been conducted, evidence which exculpated him may have emerged.

We recognize, however, that the Legislature's intention of protecting an individual's right to obtain potentially exculpatory evidence would not be served by requiring dismissal of a complaint in a case where there was overwhelming evidence that the defendant was operating a motor vehicle under the influence of intoxicating liquor. If such persuasive evidence existed in this case apart from the officers' testimony (as shown on videotape, for example), it could fairly be said that the defendant was not prejudiced by the police officers' violation of G. L. c. 263, § 5A. The record submitted to us does not reveal the nature of the evidence regarding the defendant's state of intoxication. Accordingly, the proper course in this case is to remand the case to the District Court for findings, and a hearing if necessary,[3] as to whether there is sufficient evidence of intoxication to negate any substantial possibility that the defendant was prejudiced by the police officers' failure to inform him of his right under G. L. c. 263, § 5A, to an independent examination. If such persuasive evidence is shown, the complaint should not be dismissed, and the case should be set for trial.[4]

*So ordered.*

[3] As a matter of judicial economy, the judge may determine that the better course is to go forward with a trial on the merits, with a privilege in the defendant to renew his motion to dismiss at the close of all the evidence. The Commonwealth may argue that following such a course would, as a practical matter, negate the Commonwealth's appellate rights under G. L. c. 278, § 28E, because of the principles of former jeopardy.

[4] We note that the defendant also argues that the conduct of the police officers in the circumstances of this case violated his rights to due process and equal protection under the United States Constitution. We conclude, however, that even if the defendant's equal protection and due process rights were violated in this case, the remedy of dismissal of the complaint would be an appropriate remedy only in the event that prejudice to the defendant cannot be negated. Cf. *United States* v. *Morrison,* 449 U.S. 361, 364-367 (1981) (even if defendant's Sixth Amendment rights were violated, dismissal of indictment is not appropriate remedy absent prejudice to defendant). Furthermore, we note that the record reported to us does not establish deliberate and intentional police misconduct. Compare *Commonwealth* v. *Manning,* 373 Mass. 438, 442-444 (1977). Thus, we do not address whether a different remedy would be appropriate if the police deliberately and intentionally deprived the defendant of these alleged constitutional rights. See *id.*