COMMONWEALTH *vs*. GILBERT DIAS.

Bristol.    May 4, 1988 - June 20, 1988.

Present: HENNESSEY, C.J., WILKINS, NOLAN, LYNCH & O'CONNOR, JJ.

*Practice, Criminal,* New trial, Competency to stand trial. *Insanity. Evidence,* Right to obtain evidence.

A criminal defendant, convicted of second degree murder, was not entitled to a new trial on the ground that the Commonwealth had failed to comply with an order entered at the defendant's arraignment that he be examined pursuant to G. L. c. 123, § 15 (*a*), to determine his competence to stand trial, where his trial had occurred more than fifteen months after his arraignment, where nothing in the record of the trial indicated that the defendant lacked competence, and where trial counsel had raised no issue concerning the defendant's conduct and mental condition. [647-648]

In a proceeding brought by a criminal defendant, seeking reversal of his conviction of second degree murder and dismissal of the indictment on the ground that he had been deprived of the opportunity to obtain evidence on the issue of his criminal responsibility by reason of the Commonwealth's failure to comply with a pretrial order that he be examined under G. L. c. 123, § 15 (*a*), for competence to stand trial, the defendant made no such showing of prejudice as would require reversal, inasmuch as his choice of defense strategy and his failure to raise the issue of criminal responsibility could not reasonably be said to have flowed from the Commonwealth's failure to comply with the order. [648-649]

INDICTMENT found and returned in the Superior Court on June 12, 1974.

A motion for a new trial, filed on July 11, 1983, was heard by *Chris Byron*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Dana A. Curhan*, Assistant District Attorney (*Elspeth B. Cypher*, Assistant District Attorney, with him) for the Commonwealth.

*Armand Fernandes, Jr.*, for the defendant.

LYNCH, J. The Commonwealth appeals from that part of an order of a Superior Court judge granting the defendant's motion for a new trial on the ground that the Commonwealth failed to comply with an order of the arraignment judge that, pursuant to G. L. c. 123, § 15 (*a*) (1986 ed.), the defendant be examined to determine competency to stand trial. The defendant appeals from so much of the order as fails to dismiss the indictment. We conclude that that part of the order declining to dismiss the indictment was correct and that the granting of a new trial was in error.

The defendant was convicted of murder in the second degree in October, 1974. That conviction was affirmed after review under G. L. c. 278, § 33E.[1] See *Commonwealth* v. *Dias*, 373 Mass. 412 (1977). In July, 1980, a first motion for a new trial was denied by the trial judge. In July, 1983, he filed a second motion for a new trial in which he argued that (1) the jury charge on malice was constitutionally deficient since the judge failed to place the burden of proof on the Commonwealth and failed to instruct that malice must be proved beyond a reasonable doubt by proof of the absence of mitigating factors; (2) the judge failed to instruct on voluntary manslaughter and failed properly to charge on involuntary manslaughter and accident; (3) the judge coerced a verdict from the jury and prematurely gave instructions containing "*Tuey*-like language";[2] and (4) the trial violated the defendant's rights under the Constitutions of the United States and of the Commonwealth because the defendant was tried without having been found competent to stand trial when there existed a reason to doubt his competency. This motion was granted by a different judge in 1985, the trial judge having retired. The judge reasoned that the arraignment judge's order that the defendant be examined to determine competency and criminal responsibility indicated the existence of " 'a substantial question of possible doubt'

[1] Convictions of murder in the second degree on offenses committed before July 1, 1979, were reviewable under G. L. c. 278, § 33E. See *Commonwealth* v. *Davis*, 380 Mass. 1, 12-17 (1980).

[2] On the record before us, we can only assume that the defendant's argument refers to *Commonwealth* v. *Tuey*, 8 Cush. 1 (1851).

as to whether the defendant [was] competent to stand trial," *Commonwealth* v. *Crowley*, 393 Mass. 393, 399 (1984), quoting *Rhay* v. *White*, 385 F.2d 883, 886 (9th Cir. 1967), thus requiring a hearing to satisfy due process. "[O]nce the issue has been raised by the parties or by the judge on his own motion . . . the burden of establishing competency rests upon the Commonwealth." *Commonwealth* v. *Crowley, supra* at 400. Because of his view of the case, he did not reach the other grounds argued in support of the motion.

It appears that the judge viewed the arraignment judge's order as creating a substantial question of lack of competence at the time of trial which could be rebutted only by the hearing and findings required by G. L. c. 123, § 15. We disagree that the facts of this case and the relevant law warrant such a conclusion and, therefore, conclude that the order granting a new trial was an error of law. See *Commonwealth* v. *Grace*, 397 Mass. 303, 307 (1986).

The defendant was arraigned in June, 1974. The reasons for the arraignment judge's order do not appear in the record, but we assume the existence of "a substantial question of possible doubt" at that time. *Commonwealth* v. *Crowley, supra* at 399. However, the defendant was tried more than fifteen months later. Nothing in the record of that trial indicated that, in October, 1975, he lacked " 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding — and . . . a rational as well as factual understanding of the proceedings against him.' " *Dusky* v. *United States*, 362 U.S. 402, 402 (1960). At no point did the trial judge's "observations of the defendant's demeanor and behavior at the trial," *Commonwealth* v. *Crowley, supra* at 399, lead him to question the defendant's competence. Most significant in the context of the instant case, the defendant's trial counsel raised no issue concerning the defendant's conduct and mental condition. Contrast *id.* at 394.

We stress again that "the test set out in *Dusky* is concerned with *present* abilities. . . . [T]he question is whether [the defendant] was competent to stand trial at the *actual* time of

trial" (emphasis added). *Commonwealth* v. *Kostka*, 370 Mass. 516, 522 (1976). The apparent failure to hold a hearing contemporaneously with his arraignment is not, in and of itself, a sufficient ground for concluding that a substantial question of doubt as to his competency existed at the time of trial. Cf. *Commonwealth* v. *DiMinico*, 375 Mass. 676 (1978). As we said with regard to G. L. c. 123, § 100A, as amended by St. 1927, c. 59, the predecessor statute to G. L. c. 123, § 15, "noncompliance with the provisions of [the statute] does not invalidate the trial as matter of law." *Commonwealth* v. *Vallarelli*, 273 Mass. 240, 249 (1930).

Although the defendant does not argue that he was convicted of a crime committed without the requisite intent due to lack of criminal responsibility,[3] he does contend, relying on *Commonwealth* v. *Andrade*, 389 Mass. 874, 879 (1983), that the failure to comply with the arraignment judge's order was prejudicial in so far as an examination might have revealed evidence of lack of capacity which is now impossible to reconstruct. In this regard, he offers evidence, which was not introduced at his trial, of psychiatric treatment in late 1973.

We agree with the judge that, in the circumstances of this case, there is no showing of prejudice which would require reversal of the conviction. However, we base this conclusion on somewhat different grounds.[4] Even if we assume, as did the judge, that the defendant was deprived of a psychiatric examination to which he was entitled pursuant to both G. L. c. 123, § 15, and the arraignment judge's order, and assume further that such an examination might have revealed evidence tending to negate criminal intent, it cannot be said that the

---

[3] At trial, the defendant did not raise an issue of lack of criminal responsibility such that the Commonwealth was required to prove beyond a reasonable doubt the defendant's sanity when he committed the crime. "[T]he Commonwealth may rely on the unrebutted presumption of sanity to carry its burden." *Blaisdell* v. *Commonwealth*, 372 Mass. 753, 765 (1977). Indeed, the defendant relied on the defense that the killing was accidental. See *Commonwealth* v. *Dias*, 373 Mass. 412, 415 (1977).

[4] After a review of the trial transcript, the judge concluded that the "Commonwealth presented sufficient evidence to prove beyond a reasonable doubt that the defendant was sane at the time of the incident."

defendant was thereby precluded from raising the issue of criminal responsibility. Unlike the situation in *Commonwealth* v. *Andrade, supra* at 881, where violation of the statute possibly deprived the defendant of potentially exculpatory evidence "available for only a short period of time," the defense here was not dependent on a court-ordered psychiatric examination or any other expert testimony to proffer evidence of insanity. "An insanity defense may be raised properly by the admission of any evidence which, if believed, might create a reasonable doubt concerning the defendant's criminal responsibility at the time of the [killing]." *Commonwealth* v. *Laliberty*, 373 Mass. 238, 246-247 (1977). See *Commonwealth* v. *Mattson*, 377 Mass. 638, 644 (1979); *Commonwealth* v. *Francis*, 355 Mass. 108, 111 (1969). In sum, in the circumstances presented here, it cannot reasonably be said that the defendant's choice of defense strategy and failure to raise the issue of criminal responsibility flowed from the Commonwealth's failure to perform an examination pursuant to G. L. c. 123, § 15 (*a*).

That part of the order of the Superior Court judge declining to dismiss the indictment is affirmed and that part of the order granting a new trial is reversed. The case is remanded to permit the judge to consider the remaining issues raised in the motion.

*So ordered.*