COMMONWEALTH *vs.* DAVID K. ROSEWARNE.

Franklin. March 5, 1991. - May 8, 1991.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Motor Vehicle*, Operating under the influence. *Evidence*, Intoxication, Right to obtain evidence.

Where a judge's findings in a criminal case were insufficient to allow re-view of the basis of his allowance of the defendant's motion to dismiss the complaint, and where there was no transcript or intelligible tape recording of the hearing nor an agreed statement of facts, the matter was remanded for further findings of fact. [53-57]

COMPLAINT received and sworn to in the Greenfield Division of the District Court Department on October 2, 1989.

A motion to dismiss was heard by *Allan McGuane*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Ariane D. Vuono*, Assistant District Attorney, for the Commonwealth.

*John J. Stobierski* for the defendant.

ABRAMS, J. The Commonwealth appeals from the dismissal of a complaint, see Mass. R. Crim. P. 13 (c) and 15 (a) (1), 378 Mass. 872, 882 (1979), charging David K. Rosewarne with operating a motor vehicle while under the influence of intoxicating liquor. The judge allowed the defendant's motion to dismiss "for failure to give the [d]efendant a reasonable opportunity to exercise his statutory rights" to obtain an independent test of his blood alcohol level. See G. L. c. 263, § 5A (1988 ed.).[1] We transferred the case to this court on

---

[1]General Laws c. 263, § 5A (1988 ed.), provides in part: "A person held in custody at a police station or other place of detention, charged with operating a motor vehicle while under the influence of intoxicating liquor, shall have the right, at his request and at his expense, to be examined

our own motion. We again hold that police have no obliga-
tion under G. L. c. 263, § 5A, to transport a defendant to a
doctor, hospital, or clinic to obtain an independent examina-
tion. We therefore vacate and remand to the District Court
for further proceedings consistent with this opinion.

In the early morning hours of October 2, 1989, the police
stopped the defendant in his automobile after observing him
driving at a high rate of speed and crossing over marked lane
lines. Based on their observations of the defendant and his
performance of several field sobriety tests, the officers ar-
rested him for driving while under the influence of alcohol,
and took him to the State police barracks. It is undisputed
that, once there, the defendant was informed of his right
under G. L. c. 263, § 5A, to an independent examination by
a physician of his choosing. He requested an opportunity to
make a telephone call in order to exercise that right, and tel-
ephoned a hospital to arrange for the test. The hospital told
him that they would administer the test if he went to the
hospital, but that they would not be able to perform it at the
barracks. The police refused to transport him to the hospital.
An officer then administered a breathalyzer test to the de-
fendant, informing him again of his right to an independent
test, and recorded readings of .16 and .17.

It is unclear what transpired next. The judge's findings set
forth the above stated facts, then state simply that "[t]here
was testimony from the [d]efendant's girl friend that she
called the [b]arracks to bail the [d]efendant and to take him
to the [h]ospital, but she was told that was not possible."
The judge then concluded: "Based on all the above I find:
That the [d]efendant was denied his basic rights under the
statutes to obtain a second test of his blood alcohol." He
therefore dismissed the complaint.

If the judge dismissed the complaint because of the con-
ceded refusal of the police to transport the defendant to the

immediately by a physician selected by him. The police official in charge
of such station or place of detention, or his designee, shall inform him of
such right immediately upon being booked, and shall afford him a reasona-
ble opportunity to exercise it."

hospital, he was in error. Our cases clearly demonstrate that "under G. L. c. 263, § 5A, the police must not prevent or hinder an individual's timely, reasonable attempts to obtain an independent examination, but they need not assist him." *Commonwealth v. Alano*, 388 Mass. 871, 879 (1983). See also *Commonwealth v. Durning*, 406 Mass. 485, 493 n.8 (1990); *Commonwealth v. Lindner*, 395 Mass. 144, 146-147 (1985); *Commonwealth v. Madden*, 28 Mass. App. Ct. 975 (1990). "[The] statute places primary responsibility for an independent blood test in the hands of the defendant, not the police." *Commonwealth v. Lindner, supra* at 148. The police here simply refused to offer assistance to the defendant in exercising his right. Our conclusion that G. L. c. 263, § 5A, does not require police to transport a defendant to a locale to obtain an independent test was amply foreshadowed in our prior cases. See *Commonwealth v. Alano, supra* at 879 (noting cases from other jurisdictions holding that police need not drive defendant to hospital); *Commonwealth v. Lindner, supra* at 147 (police "did far more than they were required to do" in bringing the defendant to a hospital to have blood drawn). Other States are in accord. See *Ward v. State*, 733 P.2d 625 (Alaska Ct. App. 1987); *State v. Roberge*, 306 A.2d 13 (Me. 1973); *State v. Hatlestad*, 347 N.W.2d 843 (Minn. Ct. App. 1984); *State v. Snipes*, 478 S.W.2d 299 (Mo. 1972); *People v. Hoats*, 102 Misc. 2d 386 (N.Y. 1979); *State v. Bunton*, 27 N.C. App. 704 (1975); *State v. Hilditch*, 36 Or. App. 435 (1978). But see *Puett v. State*, 147 Ga. App. 300 (1978).

On the other hand, the judge's ruling may have been based on the testimony he cited from the defendant's girl friend regarding her telephone call to the barracks. If the police did in fact obstruct the defendant's attempts to get released on bail, his c. 273, § 5A, rights were violated. The judge's findings, however, are insufficient to allow us to review such a basis for his ruling.[2] He did not, for example, find whether

---

[2]Nor is there a transcript of the evidence presented to the judge. Apparently the tape recording of the hearing held on the defendant's motion to

the police misinformed the defendant's girl friend, thereby impeding an attempted exercise of his rights, or whether they merely failed to advise her of avenues she might explore to assist the defendant. Compare *Smith* v. *Ganske*, 114 Ariz. App. 515 (1977) (after defendant's attorney arranged for friend to post bail, police interference with defendant's release on bail denied him his rights), and *People* v. *Burton*, 13 Mich. App. 203 (1968) (after police offered to contact defendant's doctor, their failure to inform defendant that doctor was unavailable deprived defendant of reasonable opportunity to exercise rights), with *State* v. *Richardson*, 81 Wash. 2d 111 (1972) (no deprivation of rights from police failure to inform defendant that right to test performed by "qualified person" includes test performed by other than police personnel), and *People* v. *Thornton*, 9 Mich. App. 536 (1968) (police need not inform defendant that specific hospital can administer independent test). See *Commonwealth* v. *Madden*, 28 Mass. App. Ct. 975, 976 (1990) (police not obligated to inform defendant that only blood test can rebut a statutory presumption of intoxication arising from breathalyzer results of .10 or higher). We therefore remand the case for further findings. On remand, the judge should focus not on whether the police failed to assist the defendant in obtaining an independent examination, but on whether they actively obstructed him from so doing.

Absent a fully developed set of facts, it is premature to decide the issue of the appropriate remedy should the judge find that the defendant's rights have been violated. "[E]ach case must be considered on its own set of facts and a remedy adequate to cure potential or actual prejudice resulting from a violation of G. L. c. 263, § 5A, should be allowed." *Commonwealth* v. *Andrade*, 389 Mass. 874, 878 (1983). It may be that the potential prejudice in this case can be removed by suppressing the results of the breathalyzer test but allowing

---

dismiss is unintelligible. The parties were unable to agree on a statement of facts pursuant to Mass. R. A. P. 8 (d), as amended, 378 Mass. 932 (1979), and instead filed separate affidavits with the court. The affidavits are part of the record on appeal.

the case to go forward.[3] In fashioning a remedy, the judge should consider the extent of police misconduct,[4] whether there were exigent circumstances justifying the action of the police, and whether there is other evidence of guilt aside from the breathalyzer results. See *Commonwealth* v. *Kelley,* 404 Mass. 459, 464 (1989); *Andrade, supra* at 878-879, 882.

The order dismissing the complaint is vacated and the case is remanded for further proceedings consistent with this opinion.

*So ordered.*

---

[3]Although we previously have left open the question whether suppression would be a sufficient remedy under c. 263, § 5A, see *Andrade, supra* at 881 n.2, we have not yet been presented with a case of denial of § 5A rights in which police have administered a breathalyzer test.

[4]We note that this case involves not a failure to notify the defendant of his rights, but an alleged obstruction of an opportunity to exercise those rights. Contrast *Commonwealth* v. *Kelley,* 404 Mass. 459 (1989); *Andrade, supra.* On this record, we need not decide whether that distinction requires any difference in the available remedies.