COMMONWEALTH vs. RICHARD A. PRIESTLEY.

Middlesex. September 13, 1994. - March 10, 1995.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, LYNCH, O'CONNOR, & GREANEY, JJ.

*Bail. Motor Vehicle*, Operating under the influence. *Evidence*, Right·to obtain evidence, Intoxication.

At a hearing on a defendant's motion to dismiss a complaint for operating a motor vehicle while under the influence of intoxicating liquor in which the judge concluded that after the defendant's arrest the police had hampered the defendant's statutory right to seek release on bail thus preventing the defendant from obtaining an independent medical examination pursuant to G.·L. c. 263, § 5A, the judge correctly concluded that dismissal of the complaint would not be an appropriate remedy, where he found that the evidence indicating the defendant's intoxication was overwhelming. [681-683] O'CONNOR, J., concurring.

COMPLAINT received and sworn to in the Malden Division of the District Court Department on March 2, 1992.

On appeal to the jury session of the Cambridge Division, the case was heard by *Jonathan Brant*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Michael Cerulli* for the defendant.

*Sabita Singh*, Assistant District Attorney (*Lincoln S. Jalelian*, Assistant District Attorney, with her) for the Commonwealth.

GREANEY, J. We transferred this case here on our own motion to decide the claim by the defendant, Richard A. Priestley, that his motion to dismiss the complaint charging him with operating a motor vehicle while under the influence of intoxicating liquor, G. L. c. 94, § 24 (1992 ed.), should have been allowed. The motion was based on the assertion that the police had denied the defendant the right to be considered for bail in a timely fashion thereby preventing him from ob-

taining an independent medical examination pursuant to G. L. c. 263, § 5A (1992 ed.).[1] The defendant now indicates that he would have exercised his § 5A right to obtain an independent breath or blood alcohol test which might have furnished him with exculpatory evidence. A District Court judge sitting in a jury-of-six session held an evidentiary hearing on the motion to dismiss and entered a written decision containing findings of fact and rulings of law. The judge concluded that the police had violated the defendant's rights, but that the complaint should not be dismissed because the evidence of the defendant's intoxication was overwhelming. Following the denial of the motion to dismiss, the defendant waived his right to a jury trial and was found guilty by the judge.[2] We affirm the defendant's conviction.

The background facts, as found by the judge, may be summarized as follows. On March 2, 1992, at approximately 4 A.M., Officer Richard Kendall of the Melrose police department stopped the defendant's automobile after observing the vehicle drift over the center line of Upham Street in Melrose. After detecting an odor of alcohol on the defendant's breath, and noticing that his eyes appeared glassy and that his speech was slurred, Officer Kendall administered three field sobriety tests to the defendant (the alphabet test, the nine-step heel-to-toe test, and the one-legged standing test). The defendant failed each test. Officer Kendall then arrested the

---

[1]General Laws c. 263, § 5A, provides in pertinent part, as follows:

"A person held in custody at a police station or other place of detention, charged with operating a motor vehicle while under the influence of intoxicating liquor, shall have the right, at his request and at his expense, to be examined immediately by a physician selected by him. The police official in charge of such station or place of detention, or his designee, shall inform him of such right immediately upon being booked, and shall afford him a reasonable opportunity to exercise it."

[2]After the colloquy at which it was determined that the defendant was intelligently and voluntarily waiving his right to a jury trial, the defendant's counsel and the prosecutor stipulated that the judge would decide the question of guilt on the evidence he had heard in connection with the motion to dismiss.

defendant for operating a motor vehicle while under the influence of intoxicating liquor and transported him to the Melrose police station.

Upon arriving at the station, the defendant was furnished with his *Miranda* rights, informed of his rights to take a breathalyzer test and to use a telephone, and advised of his right, pursuant to G. L. c. 263, § 5A, to have an immediate examination by a physician selected by him. After consulting with his attorney, the defendant refused to take a breathalyzer test, but, as the judge found, "expressed interest in obtaining an independent breath or blood test, as permitted by G. L. c. 263, § 5A." The judge also found that the defendant expressed "an interest in being bailed out quickly." The bail commissioner from the Malden District Court (the court that would arrange bail for arrestees at the Melrose police station) was usually called by the police at 3 A.M. and 6 A.M. The bail commissioner was not called on behalf of the defendant at 6 A.M. (for reasons which the judge found were "unclear"), and although friends of the defendant came to the station and could have posted bail, the defendant was kept confined until 8:30 A.M., when he was taken to Malden District Court, arraigned, and subsequently released.

The judge concluded that the bail statute, G. L. c. 276, §§ 57 and 58 (1992 ed.), and Rule 14 of the Rules Governing Persons Authorized to Take Bail (1991), permit "the release of individuals arrested when the court is not in session by bail commissioners" by means of "after hours hearings [which must be] held with 'reasonable promptness.' "[3] The judge went on to conclude that the defendant had been "denied [his] . . . [c]onstitutional and statutory right to

---

[3]For this conclusion, the judge relied specifically on Rule 14 of the Rules Governing Persons Authorized to Take Bail which reads (in its 1991 form), in pertinent part, as follows: "Unless otherwise restricted by the Superior Court, the Chief Justice of the District Court or their papers of appointment, all persons authorized to take bail are entitled to participate fairly in the out-of-court bailing activity in their jurisdiction so long as they are willing and able to respond with all reasonable promptness to calls for their services."

have his bail considered," which prevented him from obtaining an independent blood alcohol test pursuant to G. L. c. 263, § 5A. The judge ultimately concluded, however, that dismissal of the complaint was not warranted because the evidence of the defendant's intoxication was overwhelming.

Recently, in *Commonwealth v. Hampe, ante* 514 (1995), we discussed the relationship between the statutory right of a defendant who has been arrested for operating under the influence to have an opportunity to obtain bail, and that defendant's right, pursuant to G. L. c. 263, § 5A, to obtain an independent breath or blood alcohol test. We stated in the *Hampe* case that "[t]hese statutory rights [namely, the right to be considered for bail and the right conferred by § 5A], considered together, lead us to conclude that, in order for G. L. c. 263, § 5A, to have its intended force and effect, it must be read as requiring the police to telephone a bail commissioner or to allow the defendant to do so . . ." (footnote omitted). *Id.* at 518. With regard to what the police must actually do, we went on in the *Hampe* decision to indicate "that, absent exigent circumstances, the police should telephone a bail commissioner or other authorized person, when courts are not in session, to facilitate a defendant's release in a timely fashion, or at least to allow him to make his own arrangements for a hearing on bail. The police should advise the defendant of this [bail] right at the time of booking." *Id.* at 521.

In this case, the judge found that the police failed to call the bail commissioner at 6 A.M. in accordance with their usual practice. There was no evidence that the defendant was advised by the police that he could make contact with the bail commissioner himself. There was evidence, however, that the defendant was allowed access to a telephone, that he made numerous telephone calls, that he obtained advice from his lawyer, that he met with his girl friend at the police station, and that another friend came to the police station to aid him. The judge made no finding (and none would have been

warranted) that the police prevented the defendant from seeking bail on his own.[4]

The judge's conclusion that the police had hampered the defendant's statutory right to seek release on bail thereby violating his right under G. L. c. 263, § 5A, may not be sound.[5] We need not pursue the point. The judge concluded that dismissal would not be appropriate because evidence indicating the defendant's guilt was overwhelming. At the conclusion of the evidentiary hearing, the judge stated the basis for this conclusion in the following terms: "And here I find that the evidence is overwhelming, [and] that [the defendant's] testimony, frankly is . . . highly incriminating. He admits to imbibing a considerable amount of alcohol. He admits to erratic operation. His explanation of that erratic operation is . . . unconvincing. He acknowledges failing various field sobriety tests."[6] The evidence supports these findings. Where the judge was, by agreement, the sole fact finder, and where he based his conclusion of guilt on the defendant's own testimony (which independently corroborated the police testimony about erratic operation and the results of three field sobriety tests, and which contained an admission to the consumption of four drinks of scotch whiskey

---

[4]By way of contrast, the police in the *Hampe* case made a deliberate (and incorrect) choice to place and keep the defendant in protective custody under G. L. c. 111B, § 8 (1992 ed.). The court noted that, while the defendant remained in protective custody, "none of the . . . police officers called a bail commissioner, nor does it appear that the defendant was allowed to make such a call." *Commonwealth* v. *Hampe, ante* 514, 517 (1995).

[5]There was no infringement of any constitutional right to bail. The opportunity to be admitted to bail protects an arrestee's liberty interest. See *Aime* v. *Commonwealth*, 414 Mass. 667, 681-683 (1983). See also *Jenkins* v. *Chief Justice of the Dist. Court Dep't*, 416 Mass. 221, 232 (1993). No constitutional provision required that the defendant be released on bail in view of the short time between his arrest and his appearance in court. There is also no basis in the facts found by the judge to support a conclusion that the conduct of the police denied the defendant's right to due process. *Commonwealth* v. *Andrade*, 389 Mass. 874, 882 n.4 (1983).

[6]The judge later repeated these findings and conclusions, in different words, in his written decision which denied the motion to dismiss.

prior to driving), we see no reason to disturb the ultimate result. See *Commonwealth* v. *Andrade*, 389 Mass. 874, 878-879, 882 (1989); *Commonwealth* v. *Rosewarne*, 410 Mass. 53, 56-57 (1991).

*Judgment affirmed.*

O'CONNOR, J. (concurring). The transcript of the evidentiary hearing on the defendant's motion to dismiss makes abundantly clear that the judge's conclusion that the police had interfered with the defendant's statutory right to a reasonably prompt bail hearing, and therefore with his right to have an independent blood alcohol test, was based entirely on the judge's subsidiary finding that the police had failed to call the bail commissioner on the defendant's behalf. In arriving at that conclusion, the judge did not have the benefit of the court's opinion in *Commonwealth* v. *Hampe, ante* 514 (1995). In *Hampe,* the court announced that, in circumstances similar to those present here, the police must either telephone a bail commissioner with reasonable promptness *or* allow the arrested individual to do so after advising him at the time of booking of his right to make his own arrangements. *Id.* at 518. The judge here did *not* find that the police had failed to advise the defendant of his right to make his own arrangements or that the police had not allowed the defendant to do so. Indeed, as the court notes, "[t]he judge made no finding (and none would have been warranted) that the police prevented the defendant from seeking bail on his own." *Ante* at 682.

The court observes that "[t]he judge's conclusion that the police had hampered the defendant's statutory right to seek release on bail thereby violating his right under G. L. c. 263, § 5A, may not be sound." *Ante* at 682. In my view, although the judge's pre-*Hampe* conclusion is understandable, it is not sound. The defendant's rights have not been shown to have been violated. For *that* reason, the defendant's motion to dismiss was denied properly and, as the court concludes for a different reason, the judgment should be affirmed.

The judge concluded that the evidence of the defendant's guilt of driving under the influence of intoxicating liquor is overwhelming, and that therefore the violation of the defendant's statutory rights, which the judge found, was not prejudicial. The court agrees that, even if the defendant's statutory rights were violated, the violation was harmless. I disagree. I agree that there would be no prejudice if there were overwhelming evidence of guilt "apart from the officers' testimony (as shown on videotape, for example)." *Commonwealth* v. *Andrade*, 389 Mass. 874, 882 (1983). If there had been a videotape of the defendant's booking, or other evidence equally unchallengeable, showing uncontestably that the defendant was drunk at 4 A.M. or later, then it could be said with confidence that blood test evidence would not have helped the defendant at trial. In the absence of such evidence, as here, however, the credibility of the police officers is at issue and, whether viewed in conjunction with the defendant's testimony or without it, that evidence cannot properly, and consistent with *Commonwealth* v. *Andrade, supra,* be treated as "overwhelming."[1]

I agree that the judgment should be affirmed because, as I see it, the defendant did not prove that he was denied access to a bail commissioner. I do not agree that, even if access was denied, it is clear that the defendant was not prejudiced by police conduct that deprived him of blood test results that could have caused the trier of fact to have reasonable doubt that the defendant drove while intoxicated.

---

[1]The defendant testified that he had consumed four scotch drinks between 9:30 P.M., March 1, 1992, and 1 A.M., March 2, and had had nothing to drink between 1 A.M. and 4 A.M., when he was arrested. He denied that he had crossed the center line of the road although he admitted that he had gone close to it when he leaned forward to adjust his radio. The defendant had an explanation consistent with sobriety of why he failed the field tests.