COMMONWEALTH *vs.* BRIAN T. CHISTOLINI. No. 94-P-494. May 24, 1995. Further appellate review granted, 420 Mass. 1107 (1995). *Bail. Motor Vehicle*, Operating under the influence. *Alcoholic Liquors*, Motor vehicle. *Evidence*, Right to obtain evidence, Intoxication, Blood alcohol test. *Practice, Criminal*, Dismissal.

The defendant was arrested for operating a motor vehicle while under the influence of intoxicating liquor and was booked beginning at 1:26 A.M. and continuing to sometime between 2:00 A.M. and 2:15 A.M. The defendant then telephoned a friend who had experience with such matters to discuss breathalyzer and blood tests, after which the defendant declined to take a breathalyzer test. The defendant sought prompt release but was told that the bail commissioner was called at particular times and that, after his

2:00 A.M. call, he would not be called again until 6:00 A.M. The booking sergeant also told the defendant that the policy of the department, in driving-under-the-influence cases, was to hold the defendant for four hours before calling the bail commissioner. The bail commissioner was called at 6:00 A.M. and the defendant was released at 7:18 A.M. He talked with his friend, who had come to the station at some unspecified earlier time, about taking a blood test, but they decided that too much time had gone by for such a test to be meaningful. There is no evidence that the defendant had told the police at any time that he wished to obtain a blood test or even that he had formed such an intention.

Our reading of *Commonwealth* v. *Hampe,* 419 Mass. 514 (1995), suggests that the judge erred in allowing the defendant's motion to dismiss. In *Hampe,* a defendant arrested for operating while under the influence sought release on bail for the express purpose of obtaining a prompt, independent blood test, as was his right under G. L. c. 263, § 5A. The *Hampe* decision held "that, in order for G. L. c. 263, § 5A, to have its intended force and effect, it must be read as requiring the police to telephone a bail commissioner or to allow the defendant to do so in circumstances such as those present here." *Commonwealth* v. *Hampe,* 419 Mass. at 518. The policy of the police in *Hampe* to require the defendant to "sleep it off" (*id.* at 517) before contacting a bail commissioner was held to be a deliberate (however well intentioned) obstruction of the defendant's release on bail. *Id.* at 521. Because of the "extremely fleeting" nature of blood alcohol evidence, *id.* at 520, the policy of delay was held to be tantamount in the circumstances to active obstruction of the defendant's right under § 5A to seek an immediate, independent physical examination and blood test. See *Commonwealth* v. *Rosewarne,* 410 Mass. 53, 55-56 (1991). Contrast *Commonwealth* v. *Priestley,* 419 Mass. 678, 681-682 & n.4 (1995), where the court suggested that a mere failure to advise the defendant that he could make contact with the bail commissioner himself would fall short of obstructing the defendant's exercise of his rights under § 5A.

Unlike the defendants in *Rosewarne, Hampe,* and *Priestley,* the defendant here at no point informed the police that he wished to exercise his right under § 5A to an immediate independent physical examination or blood test. Those decisions, as we read them, do not call for dismissal simply for a delay in release on bail, but rather for the obstruction of the defendant's right to prompt independent testing under § 5A. *Commonwealth* v. *Hampe,* 419 Mass. at 520, 521. This defendant, not having asserted such a right, is not entitled to have the charge against him dismissed.

*Order dismissing complaint*
*reversed.*

*Marcia B. Julian,* Assistant District Attorney, for the Commonwealth.
*Peter M. Dempsey* for the defendant.