COMMONWEALTH *vs.* RICHARD D. DANIS. No. 94-P-71. May 25, 1995.
*Bail. Motor Vehicle,* Operating under the influence. *Alcoholic Liquors,*
Motor vehicle. *Evidence,* Right to obtain evidence, Intoxication, Blood al-
cohol test, Relevancy and materiality, Insurance, Accident report. *Prac-
tice, Criminal,* Dismissal.

The defendant was convicted of operating a motor vehicle while under
the influence of intoxicating liquor and leaving the scene of an accident.
His appeal raises two issues.

1. *Denial of motion to dismiss.* The defendant was involved in a side-
swiping collision with a car driven by one Catherine Bruce at 7:30 P.M. in
Pembroke. Bruce followed the defendant's car a short distance to a friend's
driveway. Police were called, and Officer Edward Cain, after hearing ac-
counts of the collision and having the defendant perform field sobriety
tests, arrested the defendant at 8:30 P.M. and transported him to the Pem-
broke police station for booking. The defendant was not released on bail
until 1:15 A.M. The motion to dismiss was based on a contention that the
police failed to notify the defendant, who refused a breathalyzer test, of his
right under G. L. c. 263, § 5A, to seek a prompt physical examination
and blood test. The defendant's affidavit stated that, if he had been told of
the right and had been bailed promptly, he would have gone to a hospital
to take a blood test. The judge found that the defendant was advised of his
right under G. L. c. 263, § 5A, at the time of booking and that the police
officers notified the bail commissioner of the defendant's presence at 8:45
P.M. On these facts, the motion was correctly denied. There is no finding,
and the stipulated record of the evidence would not have supported such a
finding, that the defendant at any point indicated to the police that he
wished to avail himself of the right to a prompt blood test. See *Common-
wealth v. Chistolini, ante* at 966, also decided this day. The defendant *did*
testify that he repeatedly asked to be bailed, but a delay in setting bail has
not been held to be a ground for dismissal except where it amounts to
active obstruction of the right to a prompt blood test under § 5A. See
*Commonwealth v. Hampe,* 419 Mass. 514, 518 (1995); *Commonwealth v.
Priestley,* 419 Mass. 678, 681 (1995).

2. *Exclusion of insurance and accident records.* The defendant subpoe-
naed Catherine Bruce's auto insurance policy and records relating to an
accident she had been involved in a year before the collision with the de-
fendant. She testified as a prosecution witness to describe the accident and
the defendant's condition. The defendant began cross-examination of
Bruce by asking for the subpoenaed records, but the judge excluded them
as irrelevant. The judge could properly exclude records of the prior acci-
dent; they had no apparent relevance to bias or prejudice on Bruce's part,
and inquiry into the circumstances of the other accident would have been
collateral to the issues of the trial. While a showing that the policy did not
cover collision damage to Bruce's car or that such coverage was subject to
deductibles would have had relevance to bias, Bruce could have been ques-

tioned directly as to such facts. Indeed, the defendant was permitted by the judge to bring out the fact of Bruce's earlier accident and to inquire into her concern about her husband's reaction to her being involved in a second accident. No sufficient showing is made that the defendant was precluded from inquiring into Bruce's motives to lie.

Deciding as we do, we need not consider the likelihood that a Massachusetts jury would be unaware either that most automobile insurance policies carry deductibles or that at-fault accidents carry potential insurance premium implications (i.e., loss of good driving credits, or surcharges, see G. L. c. 175, § 113B).

*Judgment affirmed.*

*Anna M. Lembo* for the defendant.

*William C. O'Malley*, District Attorney, *& Brian D. Griffin*, Assistant District Attorney, for the Commonwealth, submitted a brief.