COMMONWEALTH *vs.* EDWARD T. TROY. No. 94-P-182. May 26, 1995. *Bail. Motor Vehicle*, Operating under the influence. *Alcoholic Liquors*, Motor vehicle. *Evidence*, Right to obtain evidence, Intoxication, Blood alcohol test. *Practice, Criminal*, Dismissal.

The defendant appeals from his conviction of operating a motor vehicle while under the influence of intoxicating liquor. His principal claim is that the judge erred in denying his motion to dismiss based on an alleged denial of his right under G. L. c. 263, § 5A, to a prompt, independent physical examination and blood test. The evidence at the motion hearing was that the defendant was arrested in Norton at 6:15 P.M. on a Saturday evening in January; that the Norton police department's breathalyzer machine was inoperative; that the Norton police offered to drive the defendant to Mansfield to use the breathalyzer of the Mansfield police; and that the defendant refused the breathalyzer test but made known promptly (and apparently repeatedly) his desire to have a blood test. The officers told the defendant that he could have such a test if he could arrange for the appropriate medical personnel to come to the Norton police station to administer it. The defendant twice tried to telephone his wife, without reaching her. Sometime around 7:00 P.M. the police reached the defendant's wife by telephone and told her that she should not come to the station, that they were waiting for a bail commissioner to come in, and that they would telephone her when they were ready to release the defendant. The bail commissioner arrived at the station around 10:30 P.M., and the defendant was released to his wife at 10:45 P.M. They drove to Sturdy Memorial Hospital hoping to obtain a blood test, but the hospital personnel refused, indicating, according to the defendant's wife, that they would only perform such a test if it were ordered by a physician and a police officer were present.

The judge denied the motion to dismiss. Not having the benefit of the recent decisions in *Commonwealth* v. *Hampe*, 419 Mass. 514 (1995), and *Commonwealth* v. *Priestley*, 419 Mass. 678 (1995), the judge suggested

that he saw nothing improper in the police officers' holding the defendant in custody until he had sobered up. With the acuity of hindsight, we can say that view was wrong; so too, the suggestion of the Norton police that the defendant's right to a prompt independent examination could be conditioned on his arranging for medical personnel to come to the lockup.

Nevertheless, the defendant has not shown that the motion to dismiss was denied erroneously. If we assume the worst — that the police deliberately delayed calling the bail commissioner — there was no evidence that the police prevented the defendant from seeking bail on his own. Compare *Commonwealth* v. *Priestley*, 419 Mass. at 681-682. Here, as in *Priestley*, 419 Mass. at 681, the defendant was not "advised by the police that he could make contact with the bail commissioner himself. There was evidence, however, that the defendant was allowed access to a telephone" and attempted at least twice to reach his wife. The relevant distinction is that drawn in *Commonwealth* v. *Rosewarne*, 410 Mass. 53, 56 (1991), between "the police fail[ing] to assist the defendant in obtaining an independent examination, [and their] actively obstruct[ing] him from so doing." In *Commonwealth* v. *Hampe*, 419 Mass. at 521, 522, the police officers' deliberate choice to hold the defendant in custody was held to constitute active obstruction, requiring sanctions. See *Commonwealth* v. *Priestley*, 419 Mass. at 682 n.4. In *Priestley*, the court indicated that a mere failure to call the bail commissioner promptly or to advise the defendant that he could do so himself would probably not constitute active obstruction of the defendant's right to obtain a prompt, independent examination under § 5A. Treating *Priestley* as controlling, we conclude that the judge did not err in denying the motion to dismiss.

The defendant's other arguments are without merit and need not be discussed.

*Judgment affirmed.*

*Edward T. Troy*, pro se.

*Christopher Markey*, Assistant District Attorney, for the Commonwealth.