COMMONWEALTH *vs.* BRIAN T. CHISTOLINI.

Hampden. January 10, 1996. - June 12, 1996.

Present: LIACOS, C.J., ABRAMS, LYNCH, O'CONNOR, & FRIED, JJ.

*Bail. Intoxication. Evidence,* Right to obtain evidence, Intoxication. *Due Process of Law,* Access to evidence. *Motor Vehicle,* Operating under the influence. *Alcoholic Liquors,* Motor vehicle.

Where a person arrested for operating a motor vehicle while under the influence of alcohol was given the right at the police station to make a telephone call and chose not to call a lawyer or bail magistrate and where the person was in fact released on bail about six hours after his arrest, there was no basis for a conclusion that the police had interfered with the person's right to a more prompt bail hearing. [855-857]

Where a person arrested for operating a motor vehicle while under the influence of alcohol did not then request an independent physical examination pursuant to G. L. c. 263, § 5A, there was no basis for a later claim that an approximately six-hour delay in his being provided a bail hearing impaired the person's rights under the statute. [857-858]

Where a defendant charged with operating a motor vehicle while under the influence of alcohol did not offer any evidence of bad faith conduct by the police with regard to his obtaining an independent medical examination that might have produced exculpatory evidence, there was no basis for a claim that his right to due process was violated. [858]

COMPLAINT received and sworn to in the Westfield Division of the District Court Department on July 27, 1992.

The case was heard by *Robert L. Howarth,* J., on a motion to dismiss.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Peter M. Dempsey* for the defendant.

*Marcia B. Julian,* Assistant District Attorney, for the Commonwealth.

LIACOS, C.J. Early on the morning of July 25, 1992, a Westfield police officer arrested the defendant, Brian T. Chistolini, for operating a motor vehicle while under the influence of intoxicating liquor (OUI). At the police station, the book-

ing officer properly provided Miranda warnings, informed Chistolini of the right to use a telephone, G. L. c. 276, § 33A (1994 ed.), and gave proper notice of the right to an independent physical examination pursuant to G. L. c. 263, § 5A (1994 ed.). At the station the defendant was given a field sobriety test. He was largely successful in performing that test.[1] Chistolini telephoned a friend to obtain advice regarding the wisdom of taking breathalyzer and blood tests. He refused the breathalyzer test and made no request for a blood test, but asked about bail.

The Westfield police have an established policy regarding release on bail for persons arrested during the night. The police officer telephones the bail commissioner in four-hour intervals at 10 P.M., 2 A.M., and at 6 A.M.[2] The commissioner comes to the station thereafter to bail any persons in custody. In Chistolini's case, police completed booking sometime around 2 A.M.

Chistolini filed a pretrial motion to dismiss. He advanced three theories: (1) that the delay in procuring him a bail hearing violated his statutory right to a reasonably prompt bail hearing; (2) that the delay impermissibly interfered with his right to obtain an independent physical examination; and (3) that the delay violated his due process rights by preventing the gathering of potentially exculpatory evidence by an independent physical examination. The judge, having made written findings of fact, allowed the motion without specifying which violation (or combination thereof) supported that remedy. The Appeals Court reversed, *Commonwealth* v. *Chistolini*, 38 Mass. App. Ct. 966 (1995), and we granted the defendant's application for further appellate review. We address each possible basis for that ruling and reverse the allowance of the motion to dismiss.

1. The first contention is that the delay in arranging for a

---

[1]The motion judge came to this conclusion after viewing a videotape of the field sobriety test.

[2]The reference to four-hour intervals comes from undisputed police testimony at the motion hearing. The motion judge simply found that: "It is the policy of the Westfield Chief of Police not to call the clerk for purposes of bail until 6:00 a.m. Defendant was thereby denied a bail[ ] hearing until that hour. He was released on bail at 7:18 a.m." Since it appears from the judge's findings that the booking was completed around 2 A.M., the 6 A.M call to the clerk would be the next call required within this four-hour policy.

bail hearing violated Chistolini's rights conferred by the bail statute, G. L. c. 276, §§ 42, 57, 58 (1994 ed.). The argument is two fold, initially claiming that police policy resulted in an improper delay before the bail hearing. Yet the statute sets no time limits. Rule 14 of the Superior Court Rules Governing Persons Authorized to Take Bail (1991) only prescribes that clerk-magistrates and bail commissioners respond to requests for bail "with all reasonable promptness."[3] Cf. G. L. c. 276, § 57 (requiring persons taking bail to act in accordance with rules "established by the supreme judicial court or the superior court"). Also, G. L. c. 276, § 58, sets no express time limit within which a bail hearing must be held.

We recently created a "safe harbor" for postarrest police interrogation, *Commonwealth* v. *Rosario, ante* 48, 56 (1996) (discussing a safe-harbor rule to implement Mass. R. Crim. P. 7 [a] [1], as amended, 397 Mass. 1226 [1986]). See *Commonwealth* v. *Perito*, 417 Mass. 674, 679-680 (1994) (construing together bail statute and rule 7 [a] [1]). The bright-line six-hour limit on police questioning arguably is suggestive of the permissible outer limit of confinement.[4] Chistolini obtained his release six hours and six minutes after his arrest.[5] Considering the fact that Chistolini was given the right to make a telephone call and chose not to call a lawyer or a

---

[3]We assume, without deciding, that this rule confers a substantive right in favor of arrestees, and not just a standard of conduct for bail commissioners and clerk-magistrates that might be enforced via disciplinary proceedings. See and compare S.J.C. Rule 3:12, 407 Mass. 1301 (1990), as amended, 411 Mass. 1317, and *Quinn* v. *State Ethics Comm'n*, 401 Mass. 210, 213 (1987), with *Commonwealth* v. *Hampe*, 419 Mass. 514, 519 (1995) (taking notice of bail commissioner's duty to respond with reasonable promptness in deciding that police sometimes have duty to call commissioner, and that this latter duty runs in favor of arrestee).

[4]In a related context we have indicated that a person might be held up to twenty-four hours before a judicial determination of probable cause. *Jenkins* v. *Chief Justice of the Dist. Court Dep't*, 416 Mass. 221 (1994). The Commonwealth argues that, because a probable cause hearing is not necessary if the arrestee is first released on bail, the police have twenty-four hours to arrange bail. That is not the case, for the right to a prompt bail hearing is wholly independent of our concern in *Jenkins. Jenkins* simply recognized that release on bail renders moot any immediate need for a probable cause hearing.

[5]We do not intend our reference to *Rosario* to imply in any way that the six-hour safe harbor establishes a period of permissible delay in holding a bail hearing. For example, a detainee might have a right to a bail hearing before the six-hour period has run.

bail magistrate but to call a friend for advice, we cannot conclude the police interfered with his right to a more prompt bail hearing. See *Commonwealth* v. *Priestley,* 419 Mass. 678, 681 (1995); *Commonwealth* v. *Hampe,* 419 Mass. 514 (1995).[6]

Rule 28 of the Superior Court Rules Governing Persons Authorized to Take Bail (1991) requires that persons admitted to bail understand the nature of bail and any conditions of release. Additionally, police need not commence interrogation while the detainee is "incapacitated because of a self-induced disability." *Rosario, supra* at 56-57 (safe harbor tolled during such period). Intoxication could impair the detainee's understanding of the bail proceeding, and could therefore be a justifiable basis for extending the reasonable time delay before police must call or allow a defendant to call a clerk-magistrate or a bail commissioner. Rules 19 and 28 of the Rules Governing Persons Authorized to Take Bail, *supra,* require that bail release proceedings be conducted with solemnity and that persons admitted to bail understand the nature of bail and any conditions of release.

Chistolini contends, however, that an independent judicial officer should have to determine whether bail should be delayed based on intoxication, and that it is improper for police policy to delay a bail hearing on such grounds. The judge's findings do not show any police interference with the defendant's right to make a telephone call. We note also that implicit in the tolling of the safe-harbor period because of intoxication is the ability of police themselves to make that determination, subject to subsequent judicial review. We discern no reason for bail practices, which also concern the period before the detainee's first contact with a judicial officer, to be any different. Police will quite often, as they did here, videotape the booking, giving the judiciary ample basis to review subsequently a police determination as to the arrestee's intoxication. For these reasons, there was no violation of Chistolini's statutory rights.

2. Chistolini asserts that the delay of the bail hearing had the practical result of impairing his rights pursuant to G. L. c. 263, § 5A. See *Commonwealth* v. *Priestley, supra* at 681 (police must either call bail commissioner or advise arrestee

___

[6]The defendant's inquiry about being admitted to bail shows his knowledge that he had such a right. There is no showing in this case of police interference with that right.

of opportunity to arrange bail in order to facilitate release, thereby providing reasonable opportunity for § 5A examination). See also *Hampe, supra* at 520, citing *Commonwealth* v. *Rosewarne*, 410 Mass. 53, 55-56 (1991). Thus, the right to a prompt bail hearing, which is the method of obtaining release from custody, "intersects" with § 5A rights. See, e.g., *Rosewarne, supra* at 55-56 (interference with release on bail might violate § 5A rights).

However, for the intersection of medical examination and bail rights to occur, Chistolini must have properly preserved his § 5A rights. He did not do so, for he did not request an independent examination, as the statute requires. See *Commonwealth* v. *Finelli, post* 860 (1996).[7]

3. Chistolini's final argument is that the police interfered with his ability to obtain an independent medical examination that may have produced exculpatory evidence. This, he argues, violated his right to due process of law. We note that there is within Federal due process principles "what might loosely be called the area of constitutionally guaranteed access to evidence." *California* v. *Trombetta*, 467 U.S. 479, 485 (1984), quoting *United States* v. *Valenzuela-Bernal*, 458 U.S. 858, 867 (1982). In its October, 1988, term, however, the Supreme Court made clear that in these access-to-evidence situations only bad faith police conduct creates the kind of fundamental unfairness that the due process clause prohibits. See *Arizona* v. *Youngblood*, 488 U.S. 51, 55-58 (1988).

In this case, there is no suggestion of bad faith. See *id.* at 58 (bad faith exists when "police . . . by their conduct indicate that the evidence could form a basis for exonerating the defendant"). In light of Chistolini's failure to offer any evidence of bad faith conduct by the police, there is no showing of a violation of Federal due process standards.[8]

The order of the District Court is therefore vacated and

[7]We do not decide what might be reasonable conditions of release on bail when an OUI arrestee expressly requests a § 5A independent examination and seeks timely release to so obtain it. See *Hampe, supra* at 521 n.6.

[8]Chistolini also contends, in passing, that the policy of delaying a bail hearing violated due process standards of the Constitution of the Commonwealth. Although we have frequently addressed the differences between Federal and State case law regarding "access to evidence," see, e.g., *Commonwealth* v. *Tucceri*, 412 Mass. 401, 407 n.7 (1992), and cases cited, Chistolini cites only cases of our sister States. Mere mention of the Constitution of the Commonwealth is not an argument based on State constitutional

the case is remanded for further proceedings consistent with this opinion.

*So ordered.*

---

grounds. See Mass. R. A. P. 16 (b), as appearing in 411 Mass. 1602 (1992) (Mass. R. A. P. 16 [a] [4], as amended, 367 Mass. 921 [1975], applies to appellee's brief). We confine ourselves to the Federal law question.