COMMONWEALTH vs. MICHAEL FINELLI.

Berkshire. January 10, 1996. - June 12, 1996.

Present: LIACOS, C.J., ABRAMS, LYNCH, O'CONNOR, & FRIED, JJ.

*Bail. Intoxication. Evidence,* Right to obtain evidence, Intoxication, Breathalyzer test. *Motor Vehicle,* Operating under the influence. *Alcoholic Liquors,* Motor vehicle. *Practice, Criminal,* Dismissal.

The right to a prompt bail hearing of a person arrested for operating a motor vehicle while under the influence of alcohol, as provided in G. L. c. 276, §§ 42, 57 & 58, was not violated by the bail magistrate's decision to delay the bail hearing for several hours in reliance on police officers' opinion that the defendant was intoxicated and that the breathalyzer results were .14; the hearing was held with reasonable promptness and the defendant's motion to dismiss on that ground was correctly denied. [862-863]

COMPLAINT received and sworn to in the Pittsfield Division of the District Court Department on July 19, 1993.

On transfer to the jury session of that division, the case was heard by *James B. McElroy,* J., on a motion to dismiss, and suppression of certain evidence was ordered by him.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Eric Neyman,* Assistant District Attorney, for the Commonwealth.

*Benjamin Smith* for the defendant.

LIACOS, C.J. The defendant, Michael Finelli, was the driver of an automobile involved in a collision with another vehicle in Pittsfield. When the investigating police officer spoke with

the defendant at the scene, the officer detected an odor of intoxicating liquor on the defendant's breath. After conducting a battery of field sobriety tests, the officer concluded that Finelli was intoxicated, arrested him, and promptly transported him to the police station. Once at the station the defendant was properly informed of his rights pursuant to G. L. c. 276, § 33A (1994 ed.), and G. L. c. 263, § 5A (1994 ed.). The defendant agreed to a breathalyzer test which showed a reading of .14. On the conclusion of the booking procedure, the police called an assistant clerk-magistrate.[1] The bail magistrate inquired about Finelli's sobriety over the telephone. The police informed him of their opinion that the defendant was intoxicated and that the breathalyzer reading was .14. The bail magistrate calculated when he thought Finelli would be sober (based on breathalyzer results), and told the police to allow Finelli to "sleep it off" for five and one-half hours. At the end of that period, the bail magistrate came to the station and admitted Finelli to bail on personal recognizance.

In pretrial motions to dismiss, Finelli asserted that the bail magistrate's delay in arriving at the station deprived him of a reasonable opportunity to obtain an independent physical evaluation, as c. 263, § 5A, guarantees. The motion judge agreed that the statutory right had been violated, but that dismissal was not the appropriate remedy. Instead the judge suppressed the results of a breathalyzer test that the police had administered with Finelli's consent. The Commonwealth appealed. We transferred the case here on our own motion.

We have indicated previously that it is unlikely that an arrestee will be able to obtain an independent physical examination at the stationhouse. Compare *Commonwealth* v. *Rosewarne*, 410 Mass. 53, 54 (1991) (police need not accompany detainee to hospital that requires police presence during independent test), with *Commonwealth* v. *Ames*, 410 Mass. 603, 608 (1991) ("task of obtaining test in the middle of the night in rural western Massachusetts would not be an easy one"). Ordinarily, the arrestee will need to travel to a hospital or medical clinic to exercise this statutory right. See *Commonwealth* v. *Priestley*, 419 Mass. 678, 681 (1995) (police must either call bail magistrate or advise arrestee of opportunity to arrange bail in order to facilitate release, thereby

---

[1] We refer to the assistant clerk, as well as all other officials authorized to admit persons to bail, as bail magistrates.

providing reasonable opportunity for § 5A examination). See also *Commonwealth* v. *Hampe,* 419 Mass. 514, 520 (1995), citing *Rosewarne, supra* at 55-56. Thus, the right to a prompt bail hearing, which is the method of obtaining release from custody, "intersects" with § 5A rights. See *Hampe, supra* at 520.

It is undisputed that Finelli did not request an independent medical examination, as G. L. c. 263, § 5A, requires:

> "A person held in custody at a police station or other place of detention, charged with operating a motor vehicle while under the influence of intoxicating liquors, shall have the right, *at his request* and at his expense, to be examined immediately by a physician selected by him" (emphasis added).

The language of the statute is clear. It demands some affirmative assertion of the right by the arrestee. The onus is on the arrestee to arrange for the independent testing. See *Hampe, supra* at 520, citing *Commonwealth* v. *Lindner,* 395 Mass. 144, 148 (1985). The police are merely prohibited from frustrating or obstructing the arrestee who seeks to exercise the right conferred by statute. Requiring an affirmative assertion is neither unreasonable nor so stringent as to preclude persons from effectively asserting their rights. Our case law contains numerous examples of arrestees affirmatively requesting an independent physical examination after the police have complied with the statute's requirements of informing an arrestee of the right. See, e.g., *Priestley, supra* at 680; *Hampe, supra* at 516; *Commonwealth* v. *Alano,* 388 Mass. 871, 872 (1983). The conclusion of the motion judge that police interfered with the defendant's right to a timely physical examination was error. Thus, the order denying the motion to dismiss, but ordering, sua sponte, the suppression of the breathalyzer test was error. See *Commonwealth* v. *Chistolini, ante* 854 (1996).

Finelli also moved for dismissal as a remedy for the bail magistrate's violation of statutory rights to a bail hearing. See G. L. c. 276, §§ 42, 57, 58 (1994 ed.). The motion judge agreed that the lack of a prompt hearing on bail violated the bail statute. Section 58 of the bail statute states that a person authorized to admit persons to bail "shall, when a prisoner is

held under arrest or committed either with or without a warrant for an offense other than an offense punishable by death . . . hold a hearing . . . and shall admit such person to bail." This statute "was not intended to give the courts discretion to deny bail but rather to establish the right of the accused, in most circumstances, to be admitted to bail." *Commonwealth* v. *Rouskous,* 2 Mass. App. Ct. 378, 381 (1974).

The bail magistrate in Finelli's case delayed the bail hearing after speaking with the police by telephone. The bail magistrate system is designed to provide rapid out-of-court bail hearings and inject quasi judicial officers into the criminal process at a very early stage. *Commonwealth* v. *Chistolini, supra.* The preferred rule should be that a bail magistrate's decision to delay a bail hearing because the detainee cannot understand the conditions of release is a decision that should be made after first-hand observation. Yet, we cannot say that the bail magistrate's reliance on a credible police statement including a report of the breathalyzer results was unreasonable or constitutes a violation of the defendant's statutory right to be admitted to bail. "We evaluate the lawfulness of any delay by considering the reasonableness of the delay in light of the circumstances." *Commonwealth* v. *Perito,* 417 Mass. 674, 680 (1994). In the circumstances of this case, the bail hearing was held with "reasonable promptness." *Commonwealth* v. *Priestley, supra* at 680.[2]

Dismissal is a drastic remedy and in this context is not proper absent prejudice. *Hampe, supra* at 522-523. Although the motion judge found a bail statute violation, he denied any remedy because he did not "find the circumstances in this case so extreme as to require dismissal." We agree.

The orders of the judge denying the motions to dismiss are affirmed, the order of suppression is vacated, and the case is remanded for further proceedings consistent with this opinion.

*So ordered.*

---

[2]To the extent the defendant claims error because, allegedly, he was not given a hearing, we perceive no error where he was released on personal recognizance within five and one-half hours of his being booked.