COMMONWEALTH *vs.* PHYLLIS BAILEY. No. 94-P-1708. August 25, 1995.
*Motor Vehicle,* Operating under the influence. *Bail. Practice, Criminal,* Appeal, Interlocutory appeal. *Evidence,* Right to obtain evidence.

The defendant was charged in a complaint with operating a motor vehicle while under the influence of intoxicating liquor. She filed a motion to dismiss because of a delay of approximately eight hours before she was given access to a bail commissioner. After hearing, a judge of the District Court allowed the defendant's motion. The Commonwealth appeals.

We take our facts from the findings of the motion judge, supplemented, as indicated, by the defendant's uncontested testimony at the hearing. Arriving on the scene after the defendant's truck had collided with a tree, Officer Bradley of the Westfield police detected a strong odor of alcohol on the defendant's breath. At his request, the defendant performed some field sobriety tests; thereafter, Officer Bradley considered her intoxicated and placed her under arrest. She was booked at the police station at 7:35 A.M. by Sergeant Nunez who also was of the opinion that the defendant was intoxicated. She was advised of her rights and a videotape was made.[1] She refused to take a breathalyzer test.

Sergeant Nunez first telephoned a clerk-magistrate between 8:00 A.M. and 8:30 A.M., with regard to the defendant, and then made two additional phone calls to him concerning her between 8:30 A.M. and 3:45 P.M. The magistrate finally appeared at 3:45 P.M. No explanation for the almost eight-hour delay was offered.[2] The judge found that between the time the defendant was initially placed in her cell (approximately 7:35-8:00 A.M.) and when she was released at 3:45 P.M., Sergeant Nunez conducted hourly checks on the defendant. Although there was little interaction between them, the defendant kept asking where the clerk-magistrate was.

The transcript shows that the defendant, when questioned, acknowledged that she was given some rights, including the right to an independent medical examination. She testified that she did not exercise those rights.[3]

Stating that it was not clear whether the calls actually got through to the clerk-magistrate, to a member of his household, to an answering machine or to none of them, the judge dismissed the complaint. He concluded "that the inordinate delay of approximately eight hours before the defendant in custody was given access to a bail commissioner, denied the defendant her Constitutional and Statutory right to be considered for bail with

---

[1] The videotape was not introduced in evidence.

[2] Although it is apparent that the police did not obstruct the defendant's attempts to get released on bail, we assume, without deciding, that the unexplained delay in the arrival of the magistrate was a matter within the control of the Commonwealth and is chargeable to it as an obstruction. See *Jenkins* v. *Chief Justice of the Dist. Ct. Dept.*, 416 Mass. 221, 234 (1993).

[3] The judge made no finding with respect to the defendant's seeking a blood test. He found that the defendant attempted to telephone her daughter during the booking procedure, but was unable to reach her until 11:30 A.M. when she was permitted to make another phone call. The defendant's daughter spoke to the defendant's stepmother who thereupon went to the Westfield police station with money to bail out the defendant. She was not permitted to see or speak with the defendant.

'reasonable promptness,' and unreasonably delayed her right to obtain potentially exculpatory evidence and to prepare a defense to the charge of operating while under the influence of intoxicating liquor."

1. *Timeliness of appeal.* Before turning to the merits, we dispose of the defendant's argument that the Commonwealth's appeal must be dismissed as untimely. She claims the order of dismissal was made on April 28, 1994, and that the notice of appeal was not filed until July 7, 1994, well beyond the thirty-day period required by *Commonwealth* v. *Guaba,* 417 Mass. 746, 750-751 (1994). We have looked at the docket entries of the District Court and, while some of the abbreviations are somewhat cryptic as well as illegible,[4] it appears that the original entry on which the defendant relies was not a final order. Additional conferences or continuances and reviews were contemplated. Thus the entry of April 28, 1994, is as follows: "Def's Motion to Dismiss Allowed. Com states intent to Appeal & requests written findings which Ct has not yet completed — Ct will attempt to complete same ASAP Contant, J. C[5] 5/13/94 for Findgs Adm Review;" Another entry dated May 3, is "5-27-94 C. 9[:]00 for findings." Another on May 27, 1994, "Per Judge Contant Continue for Written Findings to June 2, 1994, 9[:]00 Admin Review." An entry dated June 2, 1994, states: "6-8-94 C 9[:]00 . . ."; on June 13, 1994, the entry reports that counsel "advised of judge allowing motion to dismiss . . . Ms. Gomez in process of typing. Clerk's office-please forward copy of findings to ADA and Atty Gintowt . . . ."

In view of these entries which appear to call for additional continuances or conferences and reviews and the obvious intent of the Commonwealth to appeal, we consider it within the purpose of Mass.R.A.P. 2, 365 Mass. 845 (1974), to construe the docket entries as not showing the entry of a final order until June 13, 1994. Accordingly, we hold the notice of appeal of July 7, 1994, to be timely. We are also influenced by the circumstance that *Commonwealth* v. *Guaba, supra,* which holds that the time for a notice of appeal for an interlocutory appeal must be filed within thirty days after the order is filed, was not released until May 11, 1994, that is, after the first docket entry showing dismissal in this case. Moreover, noting that "[a] party should have a reasonable period of time to study the judge's decision to see if an appeal might have merit," the Supreme Judicial Court in *Guaba* pointed out that a delay in receiving the judge's written decision would "be relevant in the determination of whether to extend the time to file the notice of appeal."[6] *Guaba,* 417 Mass. at 752.

---

[4]It follows that our deciphering of the docket entries may not be wholly accurate.

[5]It is not clear from the entry what the "C" stands for. It may be "Continuance" or "Conference."

[6]The defendant's additional contention that Mass.R.Crim.P. 15(a)(3)(B), 378 Mass. 883 (1979), was not complied with is disposed of by the special rules applicable to Essex and Hampden County which appear to govern this case as the defendant was arrested prior to January 1, 1994. See Rule 6 of the Essex and Hampden

2. *Alleged violation of G. L. c. 263, § 5A.*[7] The judge's decision in this case was made prior to the recent cases of *Commonwealth* v. *Hampe*, 419 Mass. 514 (1995), *Commonwealth* v. *Priestley*, 419 Mass. 678 (1995), and *Commonwealth* v. *Chistolini*, 38 Mass. App. Ct. 966, further app. rev. granted, 420 Mass. 1107 (1995). The governing statute, G. L. c. 263, § 5A, inserted by St. 1958, c. 401, in relevant part, provides:

> "A person held in custody at a police station or other place of detention, charged with operating a motor vehicle while under the influence of intoxicating liquor, shall have the right, *at his request* and at his expense, to be examined immediately by a physician selected by him . . . " (emphasis supplied).

The Supreme Judicial Court has indicated that the "statute places primary responsibility for an independent blood test in the hands of the defendant, not the police," *Commonwealth* v. *Hampe*, 419 Mass. at 520, quoting from *Commonwealth* v. *Lindner*, 395 Mass. 144, 148 (1985), and this court in *Commonwealth* v. *Chistolini*, 38 Mass. App. Ct. at 967, has held that a defendant who has not "asserted such a right [to an immediate independent physical examination or blood test], is not entitled to have the charge against him dismissed" simply for a delay in release on bail. It follows from both the language of the statute and judicial precedent that since the defendant never made known a desire for a blood test, the motion to dismiss was granted in error.

*Order dismissing complaint*
*reversed.*

*Marcia B. Julian*, Assistant District Attorney, for the Commonwealth.
*Peter M. Dempsey* for the defendant.

---

Cty. Crim. Rules, printed in Mass. Ann. Laws, District/Municipal and Other Trial Court Rules at 177 (Law. Co-op. 1990).

[7]Contrary to the defendant's contention, there was here no infringement of any constitutional right to bail. See *Commonwealth* v. *Priestley*, 419 Mass. 678, 682 n.5 (1995). While the delay was unfortunate, where there is no constitutional violation and where the defendant has not asserted a right to an immediate physical examination or blood test nor shown other prejudice, the delay alone does not entitle her to a dismissal. See *Commonwealth* v. *Chistolini*, 38 Mass. App. Ct. 966, 967, further app. rev. granted, 420 Mass. 1107 (1995).